[No. A073483. First Dist., Div. Two. Apr. 15, 1997.]

MAYNARD JACKSON, Plaintiff and Appellant.
WELLS FARGO BANK, Defendant and Respondent.

**COUNSEL**

Bennett, Johnson & Galler and Richard C. Bennett for Plaintiff and Appellant.

Bartko, Zankel, Tarrant & Miller, Michael D. Welch and Michael D. Abraham for Defendant and Respondent.

## OPINION

## HAERLE, J.—

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

In February 1993 appellant presented a cashier's check to the branch manager of respondent's Oakland civic center branch. The cashier's check had been purchased by him over four years earlier, in 1988. For a variety of reasons, respondent's officials suspected the cashier's check was counterfeit and summoned the Oakland police, who arrived and arrested appellant as he was waiting in the bank lobby. Respondent subsequently discovered that the cashier's check was, indeed, valid. It notified the police and municipal court to this effect, provided appellant a replacement check, and apologized to him in writing.

Appellant nonetheless filed a complaint against the bank in July 1993, alleging causes of action for false imprisonment, conspiracy and wrongful dishonor of a check. After answering, respondent filed a motion for summary judgment or, in the alternative, summary adjudication. Appellant opposed the motion but, in addition, moved for leave to file an amended complaint, which motion was granted, the court continuing the hearing on respondent's summary judgment or adjudication motion.

A first amended complaint was filed in February 1995 and asserted eight (8) causes of action: false imprisonment, intentional infliction of emotional distress, slander per se, malicious prosecution, negligence, negligent infliction of emotional distress, conspiracy, and wrongful dishonor of a cashier's check. After a demurrer was overruled, respondent filed an answer and then supplemental pleadings supporting its earlier motion for summary judgment or adjudication. Appellant filed opposition to this motion and the matter was argued before the trial court on April 19, 1995. A week later, the court issued its ruling granting the respondent's motion as to all causes of action save that for malicious prosecution. A motion for reconsideration was denied.

The parties then agreed to a stipulated dismissal of the remaining cause of action for malicious prosecution, albeit without prejudice. The stipulation accomplishing this was filed with the trial court and is a matter of record before us. It states that the dismissal without prejudice of the malicious prosecution cause of action was under "the following mutually agreed upon

---

[1]Because of the disposition we make of this case, we need devote only a limited amount of attention to its factual background.

conditions: [¶] . . . [¶] 2. Defendant WELLS FARGO BANK agrees that Plaintiff may file a new complaint pursuant to a decision by the Court of Appeal that will include a cause of action for malicious prosecution together with any of the causes of action . . . that the Court of Appeal determines are viable; [¶] 3. Defendant WELLS FARGO BANK agrees that it will not raise the Statute of Limitations to bar Plaintiff's future complaint provided that said complaint is filed within 90 days of the date that the above-referenced Court of Appeal decision is served on the parties."

Pursuant to this stipulation, a so-called "Final Judgment" was entered in favor of the bank on January 10, 1996, from which appellant filed a timely notice of appeal. After the case was fully briefed on the merits, we asked the parties for supplemental briefing regarding whether we should dismiss this appeal under the authority of *Don Jose's Restaurant, Inc.* v. *Truck Ins. Exchange* (1997) 53 Cal.App.4th 115 [61 Cal.Rptr.2d 370] (*Don Jose's*).

## II. DISCUSSION

In *Don Jose's*, our colleagues in the Fourth District dismissed an appeal in a remarkably similar factual situation: The plaintiffs and appellants had lost a summary adjudication motion on two out of eleven causes of action. The parties then entered into a stipulation in "which the plaintiffs agreed to dismiss all their remaining causes of action, but without prejudice and with a waiver of all applicable statutes of limitation." The parties also agreed that, if the appellate court affirmed the trial court's order, the plaintiffs would dismiss their remaining causes of action with prejudice.

The court, through Presiding Justice Sills, condemned the stipulation between the parties as an "artifice" to try "to create an appealable order from an otherwise nonappealable grant of summary adjudication by dismissing the remaining causes of action without prejudice . . . ." (*Don Jose's, supra*, 53 Cal.App.4th at p. 116.) It noted that, in *Tenhet* v. *Boswell* (1976) 18 Cal.3d 150, 154 [133 Cal.Rptr. 10, 554 P.2d 330], our Supreme Court had, "albeit indirectly," indicated that there should and would be no exceptions to the one final judgment rule "when parties craft stipulations which allow remaining causes of action to survive to trial." (*Don Jose's, supra*, 53 Cal.App.4th at p. 118.) The *Don Jose's* court went on to observe that the stipulation before it "virtually exudes an intention to retain the remaining causes of action for trial" and concluded by declaring that "the one final judgment rule does not allow contingent causes of action to exist in a kind of appellate netherworld" even if that state of affairs came to pass via a stipulation of the parties and/or approval of the court. (*Ibid.*)

Respondent takes the position that *Don Jose's* is "directly on point," but then rather ambiguously concludes by deferring to us regarding whether or not we have jurisdiction to consider the appeal.

Appellant strongly urges that we not follow the Fourth District for several reasons: (a) *Don Jose's* is distinguishable on the facts, (b) it is wrongly decided, (c) following it would deprive appellant of his constitutional right to appellate review, and (d) in any event, we should exercise our discretion to treat the appellant's opening brief as a petition for a writ of mandate.

We disagree with all of appellant's arguments, believe *Don Jose's* to be correctly decided and, indeed, its principle even more applicable to the facts presented here.

Appellant's first argument is that the *Don Jose's* court was presented with a different and distinguishable factual situation, in that there the appeal was purportedly from an order granting summary adjudication as to two causes of action, whereas in the case at hand the appeal is from a purported "final judgment." But the opinion dealt with that issue, noting that often an appellate court "may be willing to overlook the absence of a formal piece of paper" if the "*substance* of what is going on is an appeal from a final disposition of all issues between two parties . . . ." (*Don Jose's, supra*, 53 Cal.App.4th at p. 117.) That of course was not the situation which obtained in *Don Jose's*, but the point is that whether or not the appeal was from a purported "final judgment" or an order was not at all determinative in that case.

Indeed, the main difference between *Don Jose's* and this case is that there is even less finality here than there. In that case, the parties stipulated that, if the appellate court ruled against the plaintiffs-appellants on the two causes of action as to which summary adjudication had been granted, they would "dismiss their remaining causes *with* prejudice." (*Don Jose's, supra*, 53 Cal.App.4th at p. 117.) Here, the appellant secured the delightful stipulation that, even if this court were to affirm the summary adjudication striking the seven causes of action, he could still proceed with his remaining malicious prosecution cause of action. We can scarcely conceive of anything more clearly inconsistent with finality than such a stipulation.

Next, appellant contends that, in view of the fact that the parties agreed to and the court signed and filed a "Final Judgment," a dismissal of this appeal would leave it without an opportunity to secure a review of the summary adjudication against it as to seven of his eight causes of action. He is simply wrong. The record in the court below does indeed contain a document entitled "Final Judgment," but it is patently no such thing by the very terms of the stipulation pursuant to which it was filed. It is clear that no effect can or should be given to such a label if the judgment does not *in fact* conclude matters between the parties. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1996) ¶ 2:38, p. 2-18.)

In short, appellant still has his malicious prosecution cause of action, because his dismissal of it was without prejudice and with a waiver of the statute of limitations. Further, he still has his right of appellate review regarding his other seven causes of action—but at the appropriate time and no earlier. What he does *not* have is the right—even with a willing accomplice in the respondent—to separate those causes of action into two compartments for separate appellate treatment at different points in time.

Finally, appellant urges that, even if we agree with the analysis of *Don Jose's* (as we most assuredly do), we should exercise our discretion to treat his opening brief as a petition for a writ of mandate and, thus, reach the merits of this appeal. Although such is technically within our powers, that procedure is reserved for "unusual circumstances" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra*, ¶¶ 2:7 to 2:8.2, pp. 2-2 to 2-7) which are not present here. We accordingly decline to do so.

### III.   DISPOSITION

The appeal is dismissed.

Kline, P. J., and Ruvolo, J., concurred.