*81
 
 Opinion
 

 VOGEL (Miriam A.) J.
 

 Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange
 
 (1997) 53 Cal.App.4th 115 [61 Cal.Rptr.2d 370] and
 
 Jackson
 
 v.
 
 Wells Fargo Bank
 
 (1997) 54 Cal.App.4th 240 [62 Cal.Rptr.2d 679] condemned thinly veiled efforts to confer appellate jurisdiction where none existed and refused to consider appeals from stipulated judgments that were “final” in name only. On substantively indistinguishable facts, the parties to this appeal apparently assume we will condone that which our colleagues in the First and Fourth Districts have condemned.
 
 [1]
 
 They are mistaken.
 

 Background
 

 In 1994, New World Entertainment, Ltd. retained Four Point Entertainment, Inc., as executive producer of “The Mark Walberg Show.” The contract included a “pay or play” provision that gave New World the right
 
 not
 
 to use Four Point as executive producer provided that New World continued to pay Four Point’s fee. (See
 
 Trans-World Intern.
 
 v.
 
 Smith-Hemion Productions
 
 (C.D.Cal. 1997) 972 F.Supp. 1275, 1281.) When New World elected to pay Four Point rather than use its services, Four Point sued New World for breach of contract and various tort causes of action. New World answered and moved for summary judgment or, in the alternative, summary adjudication of issues. Before New World’s summary judgment motion was heard, Empire Burbank Studios, Inc. (a production facility owned by Four Point and others) intervened, claiming it was a third party beneficiary. New World cross-complained against Empire. Thereafter, the trial court denied New World’s motion for summary judgment, granted parts of its motion for summary adjudication as to Four Point’s tort causes of action, and denied its motion for summary adjudication as to Four Point’s contract causes of action.
 

 Four Point, New World and Empire then entered a stipulation for dismissal of all remaining claims and entry of a “final judgment,” reciting that “most of the issues necessary to a disposition of the remaining causes of action have been decided by the trial court, which adjudication [Four Point] seeks to have reviewed by the Court of Appeal,” and expressing their intent “that the filing and the prosecution of an appeal in this action shall not
 
 *82
 
 prejudice either party’s future right to prosecute such claims and causes of action which are being voluntarily dismissed by both parties following the conclusion of the appeal process.” The parties agreed to dismiss all claims remaining in Four Point’s complaint, Empire’s complaint in intervention, and New World’s cross-complaint. The trial court went along with this arrangement, signed a “final judgment” in favor of New World, and dismissed all claims (including Empire’s) that had not already been decided in New World’s favor. Four Point purports to appeal from that judgment.
 

 Discussion
 

 The “one final judgment rule”
 
 (Morehart
 
 v.
 
 County of Santa Barbara
 
 (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143] [an appeal cannot be taken from a judgment that fails to complete the disposition of all causes of action between the parties]) does not allow “contingent causes of action to exist in a kind of appellate netherworld” and the parties cannot, by stipulation, create “appellate jurisdiction where none otherwise exists.”
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at pp. 118-119.) In
 
 Don Jose’s,
 
 the parties were not as forthcoming as the parties now before us in that they did not flat-out admit the purpose of their stipulation—but the stipulations are otherwise indistinguishable.
 
 (Id.
 
 at p. 117.)
 
 [2]
 
 In
 
 Don Jose’s,
 
 Division Three of the Fourth District “condemned] the artifice of trying to create an appealable order from an otherwise nonappealable grant of summary adjudication by dismissing the remaining causes of action without prejudice but with a waiver of applicable time bars. The one final judgment rule remains the rule in California.”
 
 (Id.
 
 at p. 116.) The appeal was dismissed on the ground that the court was without jurisdiction to decide it.
 
 (Id.
 
 at p. 119.)
 

 In
 
 Jackson
 
 v.
 
 Wells Fargo Bank, supra,
 
 54 Cal.App.4th 240, Division Two of the First District considered the same issue.
 
 [3]
 

 Jackson
 
 followed
 
 Don Jose’s,
 
 rejecting arguments that it was “wrongly decided,” unconstitutional or distinguishable on its facts, and holding that the plaintiff did not have the right, even with “a willing accomplice” in the defendant, to separate causes
 
 *83
 
 of action into two compartments for separate appellate treatment at different points in time.
 
 (Jackson
 
 v.
 
 Wells Fargo Bank, supra,
 
 54 Cal.App.4th at pp. 244-245.) The appeal was dismissed.
 

 We agree wholeheartedly with
 
 Don Jose’s
 
 and Jackson.
 
 [4]
 
 We see no reason to permit Four Point or any party to get in line for appellate review ahead of those who are awaiting entry of appealable orders and final judgments. When there is a legitimate need for interlocutory review of an order that eviscerates a case without terminating its legal existence or where there are other truly unusual or extraordinary circumstances, a petition for a writ of mandate is the appropriate means by which to seek appellate review.
 
 (Morehart
 
 v.
 
 County of Santa Barbara, supra,
 
 7 Cal.4th at p. 743.) This is not such a case. To the contrary, it followed a run-of-the-mill procedural course in which a defendant was able to knock out some but not all of the plaintiff’s claims. If we permitted stipulated “final” judgments in every case like this one, we would in effect be permitting the parties to confer jurisdiction upon us where none exists. (Code Civ. Proc., § 437c, subd. (j).) That we will not do.
 
 [5]
 

 Disposition
 

 The appeal is dismissed, and the cause is remanded to the trial court with directions to vacate the judgment and the stipulation on which it is based. The parties are to pay their own costs of appeal.
 

 Ortega, Acting P. J., and Dunn, J.,
 
 *
 
 concurred.
 

 [1]
 

 Our conclusion about the parties’ assumption arises from their failure to discuss this issue in their briefs. Of course, a respondent’s failure to point out a jurisdictional defect is of no consequence, since subject matter jurisdiction can never be created by consent, waiver, or estoppel.
 
 (Norman I. Krug Real Estate Investments, Inc.
 
 v.
 
 Praszker
 
 (1990) 220 Cal.App.3d 35, 47 [269 Cal.Rptr. 228].) Before oral argument, however, we notified the parties of our intent to address the jurisdictional issue.
 

 [2]
 

 In both cases, some but not all claims were resolved by summary adjudication, the remaining claims were dismissed without prejudice, the parties agreed to the post-appeal reinstatement of dismissed claims, the parties agreed that all statute of limitations defenses would be tolled, and the trial courts entered judgments based upon the stipulations.
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at p. 117.)
 

 [3]
 

 In
 
 Jackson,
 
 the trial court summarily adjudicated all but one of the plaintiff’s causes of action. The parties then stipulated to a dismissal without prejudice of the plaintiff’s remaining claim and to the post-appeal filing of a new action, which they agreed would not be barred by limitations. Based on this stipulation, a judgment was entered.
 
 (Jackson
 
 v.
 
 Wells Fargo Bank, supra,
 
 54 Cal.App.4th at pp. 242-243.)
 

 [4]
 

 At oral argument, New World asked us to find that
 
 Don Jose’s
 
 and
 
 Jackson
 
 were wrongly decided and to conclude, instead, that stipulations such as these are nothing more than permissible voluntary dismissals. For reasons that are not clear, counsel says we ought to address the issue in the context of res judicata, not the one judgment rule. The argument misses the point—the court, not the parties, dismissed the unresolved claims based upon a stipulation that is unenforceable because it purports to vest jurisdiction in an appellate court where none exists.
 

 [5]
 

 In
 
 Building Industry Assn.
 
 v.
 
 City of Camarillo
 
 (1986) 41 Cal.3d 810, 817 [226 Cal.Rptr. 81, 718 P.2d 68], our Supreme Court permitted an appeal where consent to a judgment “was merely given to facilitate an appeal following adverse determination of a critical issue. . . .” Although
 
 Building Industry
 
 is not mentioned in
 
 Morehart
 
 v.
 
 County of Santa Barbara, supra,
 
 7 Cal.4th 725, we read the latter as implicitly overruling the former on this point.
 

 *
 

 Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.