[No. D044445. Fourth Dist., Div. One. Jan. 26, 2005.]

KEVIN H. HOVEIDA, Plaintiff and Appellant, v.
SCRIPPS HEALTH et al., Defendants and Respondents.

### COUNSEL

Duckor Spradling Metzger & Wynne, Michael Duckor and Robert M. Shaughnessy for Plaintiff and Appellant.

Hooper, Lundy & Bookman, Inc., Cary W. Miller and Blake R. Jones for Defendants and Respondents.

### OPINION

McCONNELL, P. J.—Plaintiff Kevin H. Hoveida, M.D., purports to appeal a stipulated judgment for defendants Scripps Health, Davis Cracroft, M.D., and Emergency and Acute Care Medical Corporation. We dismiss the appeal for lack of jurisdiction because the judgment does not dispose of all causes of action at issue between the parties.

## FACTS

The dispute in this case arose out of the defendants' termination of two contracts for the payment of medical services Dr. Hoveida was to render. Dr. Hoveida sued the defendants for breach of contract, "intentional interference with economic relations," violation of Business and Professions Code section 2056, "violation of right to common law fair procedure" and "intentional interference with right to practice profession." The defendants moved for summary adjudication of all causes of action except breach of contract, and the court granted their motion.

The court also granted Dr. Hoveida's request for leave to amend the remaining breach of contract claim, to allege the defendants breached certain contractual duties in conjunction with terminating his services. Subsequently,

the defendants obtained summary adjudication on the issue of duty encompassed within the breach of contract cause of action.

In an effort to make the summary adjudication orders immediately appealable, the parties then entered into a written stipulation under which Dr. Hoveida dismissed *without prejudice* his remaining breach of contract claim. The stipulation provides, "[Dr.] Hoveida shall promptly dismiss without prejudice the remaining claims for breach of contract . . . so that a judgment may be entered with respect to those claims and issues that have been summarily adjudicated; Defendants agree that any and all statutes of limitations with respect to the remaining claims for breach of contract . . . shall be tolled while any appeal(s) in this matter is pending." The stipulation further provides that Dr. Hoveida may maintain his breach of contract cause of action if the appeal is successful, but not if it is unsuccessful. The court entered a judgment pursuant to the stipulation.

## DISCUSSION

An appeal cannot be taken from a judgment that fails to dispose of all causes of action between the parties. (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 743 [29 Cal.Rptr.2d 804, 872 P.2d 143].)[1] This one final judgment rule does not allow "contingent causes of action to exist in a kind of appellate netherworld. . . . It makes no difference that this state of affairs is the product of a stipulation, or even of encouragement by the trial court. Parties cannot create by stipulation appellate jurisdiction where none otherwise exists." (*Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115, 118–119 [61 Cal.Rptr.2d 370] (*Don Jose's Restaurant*).) In *Don Jose's Restaurant,* the court "condemn[ed] the artifice of trying to create an appealable order from an otherwise nonappealable grant of summary adjudication by dismissing the remaining causes of action without prejudice but with a waiver of applicable time bars." (*Id.* at p. 116; see also *Jackson v. Wells Fargo Bank* (1997) 54 Cal.App.4th 240, 243–245 [62 Cal.Rptr.2d 679]; *Four Point Entertainment, Inc. v. New World Entertainment, Ltd.* (1997) 60 Cal.App.4th 79, 83 [70 Cal.Rptr.2d 82] (*Four Point Entertainment*).)

Dr. Hoveida relies on *Building Industry Assn. v. City of Camarillo* (1986) 41 Cal.3d 810, 817 [226 Cal.Rptr. 81, 718 P.2d 68] (*Building Industry*), in which our high court held that if consent to a judgment "was merely given to facilitate an appeal following adverse determination of a critical issue, the

---

[1] After the parties' initial briefing, we requested that they provide supplemental briefing on the issue of whether we should dismiss the appeal because of lack of jurisdiction. We have taken Dr. Hoveida's response into consideration. The defendants did not respond.

party will not lose his [or her] right to be heard on appeal." According to Dr. Hoveida, although the second summary adjudication ruling did not fully dispose of the breach of contract action, it "left open only a small portion" of the cause of action and "truncated" it, and "it would have been a waste of court time to require a likely unsuccessful trial merely to obtain a final judgment." In *Morehart v. County of Santa Barbara, supra,* 7 Cal.4th at page 743, however, the court implicitly overruled *Building Industry's* exception to the one final judgment rule. (*Tudor Ranches, Inc. v. State Compensation Ins. Fund* (1998) 65 Cal.App.4th 1422, 1429–1430 [77 Cal.Rptr.2d 574]; *Four Point Entertainment, supra,* 60 Cal.App.4th at p. 83, fn. 5.)

Dr. Hoveida points out that under the stipulation the breach of contract cause of action would be dismissed with prejudice if the defendants prevailed on appeal. In *Don Jose's Restaurant, supra,* 53 Cal.App.4th at page 118, the court rejected the notion a similar stipulation solved the jurisdiction issue. The court explained: "The stipulation here virtually exudes an intention to retain the remaining causes of action for trial. True, the dismissed causes of action would not be brought back to life if the defendants prevailed. That scenario, however, is functionally indistinguishable from the conventional situation in which the trial court's disposition of one cause of action has the practical effect of substantially weakening a plaintiff's case, but other, weaker, causes of action still remain to be tried. The plaintiff might still possibly prevail on those causes of action. If the effect of the summary adjudication on two causes of action here really was to eliminate the remaining causes of action, then the defendant should have been able to bring another summary adjudication motion to mop up the rest of the plaintiffs' case. And if not, then it is clear that all issues between the parties on appeal have not been adjudicated." (Fn. omitted.)

We lack jurisdiction to decide the appeal because the judgment does not dispose of all causes of action between the parties. (*Don Jose's Restaurant, supra,* 53 Cal.App.4th at p. 119.) "If we permitted stipulated 'final' judgments in every case like this one, we would in effect be permitting the parties to confer jurisdiction upon us where none exists. [Citation.] That we will not do." (*Four Point Entertainment, supra,* 60 Cal.App.4th 79, 83.) The merits of Dr. Hoveida's causes of action will be addressed later, if and when this case is timely appealed after the entry of one final judgment. (*Don Jose's Restaurant, supra,* at p. 119.) "Nothing we say in this opinion should in any way be construed as bearing on the merits of [his] causes of action, either those already adjudicated, or those which, in substance, remain to be adjudicated." (*Ibid.*)

## DISPOSITION

The appeal is dismissed, and the matter is remanded to the trial court with directions to vacate the judgment and stipulation on which it is based. The parties are to bear their own costs on appeal.

Benke, J., and Irion, J., concurred.