Filed 10/29/13  Hartnett v. San Diego County Office of Education CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RODGER HARTNETT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SAN DIEGO COUNTY OFFICE OF EDUCATION et al.,<br><br>Defendants and Appellants. | D059899<br><br><br><br>(Super. Ct. No. 37-2011-00090348-CU-WM-CTL) |

APPEAL from a purported judgment of the Superior Court of San Diego County, Steven R. Denton, Judge.  Appeal dismissed and remanded with directions.  Motion for sanctions denied.

Higgs, Fletcher & Mack and Steven J. Cologne, John Morris, Victoria E. Fuller, Sam Sherman, for Defendants and Appellants.

Vrevich & Associates and Barry M. Vrevich, Adrianna Cordoba, for Plaintiff and Respondent.

Defendants and appellants San Diego County Office of Education (Office) and Randolph E. Ward, Ed.D. appeal from a purported judgment on plaintiff and respondent Rodger Hartnett's petition for writ of mandate ordering Office to reinstate Hartnett's employment and awarding him $234,703.55 in back pay. Before entering judgment, the trial court purported to sever Hartnett's petition for writ of mandate from the remaining causes of action and issued the judgment under a new case number. On appeal, Office contends (1) the judgment is barred by collateral estoppel; (2) the court misinterpreted Education Code section 45306 in reaching its decision; and (3) the court erred by making its own findings concerning the amount of Hartnett's back pay without remanding the matter to the proper administrative forum. Hartnett has moved to dismiss Office's appeal on grounds the appeal is from an interlocutory judgment on a nonappealable order. He has also asked us to sanction Office for filing a frivolous appeal.

We conclude the trial court lacked authority to sever Hartnett's petition for writ of mandate and issue it as a judgment under a new case number for the purpose of permitting an immediate appeal. The existence of other pending causes of action between Office and Hartnett renders the order granting Hartnett's petition interlocutory, and we conclude no exception to the one final judgment rule applies. We therefore dismiss Office's appeal as from a nonappealable order, and in so doing necessarily do not reach Office's contentions, which may be raised on a timely appeal once the trial court enters an appealable judgment in the matter. Under these unique circumstances, we deny Hartnett's motion for sanctions.

2

FACTUAL AND PROCEDURAL BACKGROUND[1]

*Hartnett Sues for Wrongful Termination and Files a First Petition for Writ of Mandate*

In April 2008, Hartnett, who had been terminated from his employment as a claims coordinator with Office, sued Office, Ward, and other individual Office employees for wrongful termination in violation of public policy, civil conspiracy to commit wrongful termination, and intentional infliction of emotional distress. (*Hartnett v. San Diego County Office of Education et al.* (Super. Ct. S.D. County, 2011, No. 37-2008-00081583-CU-WT-CTL).) In part, Hartnett alleged he was wrongfully terminated as a result of Office's failure to accommodate his "visual processing impairment" disability and in retaliation for his investigation of allegedly illegal practices involving Office's panel attorneys.[2]

---

[1] The litigation between Hartnett and Office and its various employees has been the subject of prior appeals. (*Hartnett v. Duzyk* (Sept. 29, 2009, D053889) [nonpub. opn.] [affirming the denial of anti-SLAPP motions by individual defendants Lora Duzyk and Michele Fort-Merrill]; *Hartnett v. Crosier* (2012) 205 Cal.App.4th 685 [reversing a summary judgment in favor of the individual defendants]; *Hartnett v. San Diego County Board of Education* (May 25, 2012, D059189) [nonpub. opn.] [affirming orders granting the anti-SLAPP motion of Office's personnel commission and denying Hartnett's petition for writ of prohibition]; and *Hartnett v. San Diego County Board of Education* (May 25, 2012, D059646) [nonpub. opn.] [affirming a postjudgment order awarding attorney fees to Office's personnel commission].)

[2] The only complaint in the record is Hartnett's original complaint filed in April 2008. Our prior appeals, and the superior court's docket, indicate Hartnett filed first and second amended complaints against Office, Ward and other individual defendants. (See *Hartnett v. Crosier*, *supra*, 205 Cal.App.4th at p. 689 [referring to second amended complaint]; *Hartnett v. Duzyk*, *supra*, D053889 [referring to amended complaint with five causes of action against Office and Ward alleging wrongful termination in violation of FEHA and the American Disabilities Act].) The parties do not dispute that this action, including causes of action against Office and Ward, is presently pending in the superior

Several weeks later, Hartnett filed, under the same case number, a "petition for writ of mandate for reinstatement with back pay" under Code of Civil Procedure section 1094.5. He argued that as a classified permanent public employee with a property interest in continued employment, he was entitled to, but denied, due process. Specifically, he asserted the record provided to the officer conducting his *Skelly* hearing (*Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194 (*Skelly*)[3]) was incomplete, the hearing officer's counsel had an undisclosed and irreconcilable conflict of interest, he was not advised about his right to full discovery or given meaningful discovery, and he had not been afforded either a substantive hearing on appeal from his dismissal or a *Skelly* review hearing on Office's amended dismissal notice. Office answered the petition and opposed it. Hartnett filed reply papers, to which Office objected on grounds he had raised new evidence and arguments.

---

court. On our own motion, we have taken judicial notice of the superior court file, particularly Hartnett's operative second amended complaint filed on October 3, 2008. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[3] In *Skelly*, the California Supreme Court held that due process of law affords a permanent employee certain procedural rights before the effective date of his or her dismissal or discipline. Although due process does not require a full evidentiary hearing before the punitive action is taken, "[a]s a minimum, these preremoval safeguards must include notice of the proposed action, the reasons therefor, a copy of the charges and materials upon which the action is based, and the right to respond, either orally or in writing, to the authority initially imposing discipline." (*Skelly*, *supra*, 15 Cal.3d at p. 215.) Further, a public employee is entitled to a full evidentiary hearing within a reasonable time after the disciplinary action is imposed. (*Ibid*.; *Duncan v. Department of Personnel Administration* (2000) 77 Cal.App.4th 1166, 1176.)

4

The trial court took the matter under submission, declining to rule on the writ petition in view of pending demurrers and motions to strike. It gave Office's counsel an opportunity to supplement its papers in response to Hartnett's reply arguments.

*Hartnett Files a Second Petition for Writ of Mandate*

On September 25, 2008, Hartnett filed a verified "second petition for writ of mandate on merits of dismissal," incorporating by reference his first writ petition and lodging a record of the proceedings before Office's personnel commission (the commission). In his second petition, Hartnett argued (1) the commission acted without jurisdiction in upholding his termination; (2) he did not receive a fair trial; and (3) the commission abused its discretion in that it failed to conduct an investigation, its decision was not supported by the findings, and its findings were not supported by the evidence.

*The Trial Court Denies Hartnett's First Writ Petition; Office Answers and Opposes*
*Hartnett's Second Writ Petition*

On October 1, 2008, the trial court issued its order denying Hartnett's first writ petition. It deemed the petition to constitute an amendment to Hartnett's complaint adding a cause of action for mandamus relief seeking reinstatement and an award of back pay. The court ruled Hartnett's evidence showed Office was not responsible for any substantial delay and there was no evidence of delay caused by Office rising to a level that infringed his due process rights. It rejected Hartnett's argument that he was entitled to a hearing within a specified time under Education Code section 44944 or Government Code section 19578, finding neither statute applicable because he was not a certificated employee. The court further rejected Hartnett's argument that he was denied his

5

discovery rights, pointing out he had not sought review of the hearing officer's decision, but only reinstatement and back pay, which were not proper remedies for an asserted denial of discovery. The court ruled Office's attorney was in a position adverse to Hartnett and did not operate under a conflict of interest so as to render the hearing unfair. As for Hartnett's due process challenges to a hearing that had occurred after he filed his writ, the court ruled Hartnett's petition did not seek proper relief, i.e., remand to the hearing officer. It pointed out Hartnett had not filed a new or amended writ petition seeking such relief, and he had not provided a record of the hearing.

On October 22, 2008, Office and Ward answered Hartnett's second writ petition. They opposed the second petition in part on grounds it was barred by res judicata, and objected to Hartnett's evidence. The parties submitted supplemental briefing on various issues, including whether Hartnett's appeal of a ruling on Office's special motion to strike (Code Civ. Proc., § 425.16) required a stay of the writ proceedings.

*The Trial Court Grants Hartnett's Second Petition for Writ of Mandate*

On March 25, 2009, the trial court granted Hartnett's second petition and issued a writ of mandate compelling Office to immediately reinstate Hartnett. It found Hartnett was entitled to an award of back pay from the date of termination through reinstatement. The court declined to address Hartnett's arguments regarding unreasonable delay and denial of discovery, which had been raised in his prior petition, and ruled the hearing officer did not abuse her discretion in handling discovery and evidence. However, it ruled the commission "did not proceed in the manner required by law because it failed to conduct an investigation prior to the hearing as required by Education Code section

6

45306."  Relying on *Ahlstedt v. Board of Education* (1947) 79 Cal.App.2d 845, the court reasoned:  "A classified civil service employee is entitled to have the statutory procedure for dismissal strictly followed.  . . .  Where this procedure was not followed 'the dismissal was abortive, ineffective, and for all purposes unauthorized, leaving nothing upon which the commission could base a hearing or further exercise of its discretion.'  . . .  [Hartnett] raised this issue in a letter to the Personnel Commission.  [Office's] opposition does not address this issue.  As the dismissal was ineffectual, [Hartnett] is entitled to reinstatement."  In view of its conclusion, the court did not address the hearing officer's findings or the penalty imposed.  The court issued a writ on April 17, 2009.

*Office Moves to Vacate or Alternatively for a New Trial, the Parties Present Supplemental Briefing, and the Trial Court Denies the Motion*

Office moved to vacate the court's order on Hartnett's second writ petition, and in the alternative sought a new trial.  It argued the court had legally erred by finding Office had not addressed Hartnett's arguments as to the investigation required by Education Code section 45306.  According to Office, Hartnett had raised the issue in both writs and Office had supplementally briefed the question, thus the court's ruling on the first writ was law of the case.  It argued the court likewise made a ruling against law by concluding that Education Code section 45306 required both an investigation and hearing; that *Ahlstedt* did not stand for the proposition that both were required, and the statute could not be construed to require a separate investigation and hearing.  Office argued that the hearing, in which the commission reviewed exhibits, heard testimony, and issued a conclusion, constituted the investigation.

7

The court tentatively denied the motion,[4] but following oral arguments permitted the parties to brief several additional questions. On July 8, 2009, it confirmed its tentative ruling in a minute order, and ruled, among other things, that any prehearing investigation could be closed to the public and would not violate open meeting laws because it would not be a deliberative gathering subject to open meeting requirements. The court found no evidence that the commission had conducted an investigation, and the absence of such a hearing divested the commission of jurisdiction and deprived Hartnett of fair proceedings.

---

[4] In its tentative ruling, the court pointed out that while it had permitted Office to respond to Hartnett's reply arguments on the Evidence Code section 45306 investigation issue in connection with the first writ, it did not address that issue in its October 1, 2008 order, and it had previously ruled that Hartnett was permitted to file successive writ petitions. It further reasoned that the issue did not ripen until the underlying administrative hearing had taken place. The court ruled the express language of the statute required both a hearing and investigation; that an investigation was required whether or not a hearing was convened. Finally, the court ruled that any factual distinction in *Ahlstedt* was immaterial, and the case stood for the proposition that a petitioner's waiver of a hearing did not relieve the commission in that case from investigating the matter.

*Office's First Appeal is Dismissed*

Office appealed from the March 25, 2009 and July 8, 2009 orders. This court dismissed the appeal and denied Office's request to treat it as a writ. (*Hartnett v. San Diego County Office of Education et al.* (Oct. 9, 2009, D055524) [nonpub. opn.].)[5]

*Office Reinstates Hartnett, Then Terminates Him Again*

Following dismissal of its appeal, Office notified Hartnett he was being placed on paid administrative leave, and that his back pay owed, if any, was being addressed with legal counsel. In early December 2009, it tendered back pay, and then terminated his employment again effective March 5, 2010. During this time, Hartnett unsuccessfully pursued a civil contempt citation against Office for failing to reinstate his employment and pay him the appropriate amount of back pay.

*The Trial Court Determines the Amount of Hartnett's Back Pay*

Hartnett sought to enforce the writ of mandate by motion, which Office opposed. Ultimately, the trial court treated Hartnett's motion as one to amend the cause of action for writ and granted it to amend the claim to seek the payment of $259,358,82 in back wages and benefits. It set a hearing on the petition, as to which Hartnett would have the burden of proof, for the "limited purpose of admitting evidence and issuing a ruling on

---

[5] We grant Hartnett's opposed request for judicial notice of our file (*Hartnett v. San Diego County Office of Education et al.*, *supra*, D055524) merely for purposes of acknowledging the outcome of that appeal. (Evid. Code, §§ 452, subd. (d), 459.) In view of our disposition of this matter, we deny without prejudice Hartnett's request to judicially notice Office's summary investigation report dated November 12, 2010. (Accord, *People v. Jimenez* (2008) 165 Cal.App.4th 75, 82, fn. 2.)

9

the specific amount of back wages due to [Hartnett] as a result of the first termination that was deemed to be procedurally improper by this Court."

On February 28, 2011, following an evidentiary hearing, the court issued a statement of decision on the amended cause of action for a writ of mandate. Making detailed findings of fact and conclusions of law, and rejecting Office's arguments that it lacked jurisdiction, the court concluded Hartnett was entitled to specified awards of back pay, reimbursement for health care premiums he had incurred, and interest for the disputed period.

On March 30, 2011, the court issued its writ of mandate and also granted Office's ex parte request to sever the writ proceeding from the main action and issue it under a new case number. The court awarded Hartnett $234,703.55, consisting of $193,083.06 in back pay, $33,775.61 in interest, and $7,844.88 in health care premium reimbursement. The writ provides: "[Office] stipulated to providing [Hartnett] back pay at the M-45 salary classification instead of the reduced M-38 designation. The court then granted [Office's] request to sever the writ proceedings from the main action. . . . [¶] . . . [Office] entered into the above stipulation solely in order to facilitate an immediate right to appeal this Court's March 25, 2009 and February 28, 2011 orders and the eventual judgment on those orders. In doing so, [Office] in no way waived any of its appellate rights."

*The Court Enters Judgment and Office Files This Appeal*

On April 25, 2011, the court filed a judgment on the writ of mandate under case No. 37-2008-00081583-CU-WT-CTL. It reentered the judgment on May 13, 2011, under

10

the new case number, No. 37-2011-00090348-CU-WM-CTL, and changed the amount of interest awarded on the judgment from 10 percent to 7 percent per annum. Office filed a notice of appeal from the May 13, 2011 judgment.

DISCUSSION

I. *The May 13, 2011 Judgment is Not an Appealable Judgment*

Hartnett moves to dismiss this appeal on grounds Office appeals from an interlocutory judgment on a nonappealable order. He maintains that *Morehart v. County of Santa Barbara* (1999) 7 Cal.4th 725 (*Morehart*) compels dismissal of Office's appeal because the trial court's severance of the writ proceeding from the underlying action for the purpose of permitting an immediate appeal is unauthorized by Code of Civil Procedure section 1048 and thus invalid.

Pointing out Hartnett made contrary arguments in connection with its first appeal, Office argues we should distinguish *Morehart.* It maintains that, unlike *Morehart*, all of the issues in the administrative mandamus action (Hartnett's entitlement to and amount of back pay) have been decided by the trial court and that action is concluded and final. It points out that *Morehart* does not involve a situation, as here, where an administrative mandamus action was joined to Hartnett's civil action as an accommodation to him, and later severed and assigned an entirely new case number. Office argues *Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688 (*Griset*) is not dispositive on the issue (again pointing to Hartnett's prior arguments along those lines in a September 2009 letter brief on appeal), and it asks us to apply the logic of *McClure v. County of San*

11

*Diego* (1987) 191 Cal.App.3d 807, which was assertedly embraced in *Morehart*, *supra*, 7 Cal.4th at p. 746.

We cannot agree with Office. Parties cannot create appellate jurisdiction where none otherwise exists. (See *Kurwa v. Kilsinger* (2013) __ Cal.4th ___ [2013 WL 5477602]; *City of Gardean v. Rikuo Corp.* (2011) 192 Cal.App.4th 595, 605, citing *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115, 118-119; *Hoveida v. Scripps Health* (2005) 125 Cal.App.4th 1466, 1468.) As we explain, this principle, as well as the holdings of *Morehart*, *supra*, 7 Cal.4th 725 and *Griset*, *supra*, 25 Cal.4th 688, compel us to conclude the court's decision to sever the writ petition and enter judgment strictly for the purpose of permitting a direct and immediate appeal despite other pending causes of action between the parties is unauthorized, and that the May 13, 2011 judgment is in fact an interlocutory order that is not appealable as a final judgment.

It is of course fundamental that the existence of an appealable order or judgment is a jurisdictional prerequisite to an appeal. (Code Civ. Proc., § 904.1; *Griset*, *supra*, 25 Cal.4th at p. 696; *MinCal Consumer Law Group v. Carlsbad Police Department* (2013) 214 Cal.App.4th 259, 163.) "Under the one final judgment rule, ' "an appeal may be taken only from the final judgment in an entire action." ' [Citations.] ' "The theory [behind the rule] is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case." ' [Citations.] [¶] The one final judgment rule is 'a fundamental principle of appellate practice' [citation], recognized and enforced in this

12

state since the 19th century." (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756; see *Griset*, at p. 697.)

Under the "one final judgment rule," an appeal may be taken from a final judgment, but not from an interlocutory judgment. (Code Civ. Proc., § 904.1, subd. (a)(1); see *Kurwa v. Kilsinger*, *supra*, __ Cal.4th at p. __ [2013 WL 5477602, *2]; *County of San Diego v. Arzaga* (2007) 152 Cal.App.4th 1336, 1343-1344.) And an appeal cannot be taken from a judgment that does not dispose of *all* of the causes of action between the parties. (*Kurwa*, at p. __ [2013 WL 5477602, *2]; *Morehart*, *supra*, 7 Cal.4th at pp. 741, 743; *Griset*, *supra*, 25 Cal.4th at p. 697.) Such a judgment "is necessarily 'interlocutory' (Code Civ. Proc., § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending." (*Morehart*, at p. 741.) "[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Morehart*, at p. 743; *Griset*, at p. 697.)

The parties are familiar with *Morehart*. There, the plaintiffs sued the County of Santa Barbara alleging several causes of action, including for a writ of mandate. (*Morehart*, *supra*, 7 Cal.4th at p. 735.) The trial court ordered that cause of action and two others seeking declaratory and injunctive relief to be tried separately from causes of action seeking damages for inverse condemnation and violation of civil rights, and later filed a judgment as to the writ of mandate and other separately tried claims. (*Id*. at

13

pp. 735-736.) The Court of Appeal in *Morehart* found the judgment " 'separately appealable on a severed issue' " (*id*. at p. 736) but the California Supreme Court rejected that theory of appealability, which was expressed in *Schonfeld v. City of Vallejo* (1976) 50 Cal.App.3d 401 and its progeny, including *Highland Development Co. v. City of Los Angeles* (1985) 170 Cal.App.3d 169.[6] (See *Morehart*, 7 Cal.4th at p. 743 & fn. 11.)

*Morehart* discussed *Schonfeld* in depth. In *Schonfeld*, the Court of Appeal had declined to rigidly adhere to the one final judgment rule where two of three causes of action had been ordered to be tried separately and then were the subject of a judgment; the *Schonfeld* court held the remaining cause of action had been properly severed as it raised " 'separate and independent' " issues, and that a final judgment resulted even though a cause of action was still pending between the same parties. (*Morehart*, *supra*, 7 Cal.4th at pp. 737-739, discussing *Schonfeld*, 50 Cal.App.3d at pp. 418-419.) *Morehart* observed that the cases following *Schonfeld* generally determined appealability based on the fact that the decided issues subject to appeal were "separate," "distinct" or "independent" from the remaining issues to be tried. (*Morehart*, 7 Cal.4th at p. 739.) Such a standard, according to *Morehart*, left it " 'inherently difficult to determine *by any automatic standard* . . . which of several multiple claims were sufficiently separable from others to qualify for . . . appealability' [citation] or to determine whether the 'hardship and

---

6    In *Highland Development Co.*, the appellate court had found appealable a separate judgment entered by the trial court on a petition for writ of mandate that had been joined with causes of action for declaratory and injunctive relief. (*Highland Development Co.*, *supra*, 170 Cal.App.3d at pp. 178-179 [trial court's treatment of writ independently from other causes of action indicated a "de facto severance"].)

14

inconvenience' that would result from postponing appeal until final disposition of the entire action are sufficient to warrant immediate appealability." (*Morehart*, at pp. 742-743.)

One of *Morehart*'s criticisms of *Schonfeld* was that the appellate court had "failed to recognize that Code of Civil Procedure section 1048 no longer authorizes severance of a civil action." (*Morehart*, *supra*, 7 Cal.4th at p. 737, fn. 3.) Instead, the statute, which had previously given trial courts discretion to sever an action, grants the court authority to " 'order a *separate trial*' " of any cause of action or separate issue. (*Ibid.*)[7] However, an "order for separate trial of a cause of action does not make a judgment on that cause of action appealable while other causes of action remain pending between the parties . . . ." (*Id*. at p. 738, fn. 3.) *Morehart* holds that a judgment entered on causes of action tried first is not final if it does not dispose of "all the causes of action between the parties, even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Morehart*, *supra*, 7 Cal.4th at p. 743.) In *Griset*, the court pointed out that *Morehart* "reaffirmed well-established law" on this point. (*Griset*, *supra*, 25 Cal.4th at p. 698

---

7    In full, Code of Civil Procedure section 1048, subdivision (b) provides:  "The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any cause of action, including a cause of action asserted in a cross-complaint, or of any separate issue or of any number of causes of action or issues, preserving the right of trial by jury required by the Constitution or a statute of this state or of the United States."

15

[" 'There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains' "], quoting *Bank of America v. Superior Court* (1942) 20 Cal.2d 697, 701.)

Recently, the California Supreme Court decided *Kurwa v. Kilsinger*, *supra*, ___ Cal.4th ___, and reaffirmed the principles of *Morehart*. In *Kurwa*, based on the parties' agreement, the trial court entered a judgment dismissing a plaintiff's action (in part alleging a breach of fiduciary duty) with prejudice, with the exception of a defamation cause of action and the defendant's cross-complaint, which the court dismissed without prejudice. (*Id*. at p. __ [2013 WL 5477602 *1].) The parties expressly agreed to waive the statute of limitations as to their defamation claims so as to "allow the parties to 'test the issue' of breach of fiduciary duty and 'get a ruling' from the appellate court before disposing of the defamation claims, which were 'kind of outside this whole discussion.' " (*Ibid*.) The Supreme Court held these maneuverings, in view of the parties' agreement to preserve the voluntarily dismissed counts for potential litigation, resulted in a judgment that failed to complete the disposition of all the causes of action between the parties and was thus not appealable. (*Id*. at p. __ [2013 WL 5477602 *5].)[8] In reaching its conclusion, the court stated: "To permit this kind of manipulation of appellate

---

[8]     The court in *Kurwa* observed that a voluntary dismissal of some causes of action, unaccompanied by any agreement for future litigation, created sufficient finality so as to allow appeal from a judgment disposing of other counts. (*Kurwa*, *supra*, ___ Cal.4th at p. ___ [2013 WL 5477602 * 5].) There is no indication in the record before us that Harnett has filed an unconditional voluntary dismissal of his remaining causes of action against Office and Ward.

16

jurisdiction—in effect, allowing the parties and trial court to designate a substantively interlocutory judgment as final and appealable—would be inconsistent with the one final judgment rule."  (*Id*. at p. __ [2013 WL 5477602 *6].)

Office urges us to distinguish *Morehart*, which did not involve the process used by the trial court, that is, first joining the writ petition with Hartnett's complaint and then separately issuing the judgment on the petition under a new case number pursuant to Office's stipulation.  But *Morehart* acknowledged the possibility of such a procedure.  It said in a footnote:  "In the cases [following *Schonfeld*], it is unclear whether issues which were purportedly 'severed' from other issues were in fact *formally* severed (such that two separate cases with separate docket numbers and separate judgments would be rendered), or were merely bifurcated, that is, certain issues or causes of action were ordered tried separately."  (*Morehart*, *supra*, 7 Cal.4th at p. 739, fn. 7.)  In our view, *Morehart*'s reasoning, which recognizes trial courts are no longer authorized to sever causes of action, applies whether causes of action are bifurcated or "formally" severed and then resolved separately, as the trial court did here.  Office also urges us to follow this court's conclusion in *McClure v. County of San Diego*, *supra*, 191 Cal.App.3d 807, which was decided before *Morehart*.  *McClure* followed at least one case expressly disapproved in *Morehart* to depart from the one final judgment rule in circumstances akin to this one so as to minimize "unnecessary delay and economic hardship . . . ."  (*McClure*, at p. 811.) To the extent *McClure* reached its holding without also finding the circumstances appropriate to treat the appeal as a petition for writ of mandate, it does not survive *Morehart*.

17

We have not found, and Office has not provided, any authority for the trial court's severance of Hartnett's writ petition from the remainder of the action, either by statute, California Rules of Court, or local rule.[9] *Morehart* unambiguously concludes such a procedure is no longer permitted under Code of Civil Procedure section 1048. (*Morehart*, *supra*, 7 Cal.4th at p. 737, fn. 3.) In our view, the mechanism used by the court and Office in this case is in substance and effect the sort of condemned "artifice" that occurs when parties enter into stipulations designed to "create . . . appellate jurisdiction . . . ." (*Hoveida v. Scripps Health*, *supra*, 125 Cal.App.4th at p. 1468, quoting *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange*, *supra*, 53 Cal.App.4th at p. 116; see also *Kurwa*, *supra*, ___ Cal.4th at p. ___ [2013 WL 5477602 *6]; *Abatti v. Imperial Irr. Dist.* (2012) 205 Cal.App.4th 650, 662-663 [citing cases].)[10] The court in *Don Jose's Restaurant* observed the parties' stipulation "virtually exude[d] an intention to

[9]    Code of Civil Procedure section 598 provides in part: "The court may, when the convenience of witnesses, the ends of justice, or the economy and efficiency of handling the litigation would be promoted thereby, on motion of a party, after notice and hearing, make an order, no later than the close of pretrial conference in cases in which such pretrial conference is to be held, or, in other cases, no later than 30 days before the trial date, that the trial of any issue or any part thereof shall precede the trial of any other issue or any part thereof in the case . . . . The court, on its own motion, may make such an order at any time." Evidence Code section 320 provides that "[e]xcept as otherwise provided by law, the court in its discretion shall regulate the order of proof." These statutes grant trial courts discretion to order issues or causes of action to be tried separately (see *Grappo v. Coventry Financial Corp.* (1991) 235 Cal.App.3d 496, 504), but not severance and assignment of a new case number.

[10]    In *Abatti v. Imperial Irr. Dist.*, *supra*, 205 Cal.App.4th 650 this court held that causes of action dismissed without prejudice to enable the entry of judgment are still final for purposes of the one final judgment rule, unless, like in *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange*, *supra*, 53 Cal.App.4th 115, the parties also have stipulated to facilitate future litigation of the dismissed claims. (*Abatti*, at p. 667.)

18

retain the remaining causes of action for trial." (*Don Jose's Restaurant*, at p. 118.)  It concluded:  "[T]he one final judgment rule does not allow contingent causes of action to exist in a kind of appellate netherworld.  The substance of this case is that there was a disposition of only two of eleven causes of action, with the remaining causes of action left for trial.  It makes no difference that this state of affairs is the product of a stipulation, or even of encouragement by the trial court."  (*Id*. at pp. 118-119, fns. omitted.)

In sum, the trial court was without authority to "sever" Hartnett's writ petition from the remaining causes of action and assign it under a new case number for the purpose of conferring appellate jurisdiction.  Because causes of action remain pending between Hartnett, Office and Ward, the May 13, 2011 "final judgment" lacks the requisite finality to be appealable, and consideration of this appeal would contravene the one final judgment rule.

## II.  *Collateral Order Exception*

Office asks us to permit its appeal to proceed under the collateral order exception to the one final judgment rule.  Under that exception, " '[w]here the trial court's ruling on a collateral issue "is substantially the same as a final judgment in an independent proceeding" [citation], in that it leaves the court no further action to take on "a matter which . . . is severable from the general subject of the litigation" [citation], an appeal will lie from that collateral order even though other matters in the case remain to be determined. [Citation.]  . . .  [¶]  In determining whether an order is collateral, "the test is whether an order is 'important and essential to the correct determination of the main issue.'  If the order is 'a necessary step to that end,' it is not collateral.  [Citations.]"

19

[Citation.]' [Citation.] Generally, in order for the collateral order to be appealable, the order ' "must direct the payment of money by appellant or the performance of an act by or against him." ' " (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 781.)

Adopting arguments previously made by Hartnett, Office suggests that the judgment at issue involves whether Hartnett was afforded due process by the commission and not the merits of his dismissal. It acknowledges its appeal may " 'have some collateral effect on [Hartnett's] causes of action for disability discrimination and whistleblower retaliation by offsetting some of his economic damages,' " but maintains the " 'order of reinstatement with back pay is clearly ancillary to the balance of [Hartnett's] case.' "

We recognize the May 13, 2011 judgment directs the payment of money and is dispositive of the issue of Hartnett's right to an investigation under Education Code section 45306 before his *Skelly* hearing and termination. But *Morehart* rejected the notion that appealability can be conferred by assessing whether the issues involved in a writ petition appear to be separate, distinct or independent from remaining causes of action. In view of *Morehart*, *supra*, 7 Cal.4th 725, we decline to apply the collateral order exception broadly to these circumstances. The California Supreme Court has recently admonished that " 'exceptions to the one final judgment rule should not be allowed unless *clearly mandated*.' " (*In re Baycol Cases I & II*, *supra*, 51 Cal.4th at p. 757, italics added.) "[T]he essence of the collateral order doctrine is that the matter concluded by the order should be *truly 'distinct and severable from the general subject of the litigation*' " (*Muller v. Fresno Community Hosp. & Medical Center* (2009) 172

20

Cal.App.4th 887, 904, italics added; see also *City of Colton v. Singletary*, *supra*, 206 Cal.App.4th at p. 781) and we are not convinced the judgment finally resolves such a matter. The general subject of the litigation is the validity of Hartnett's termination from Office and Office's motives for his termination, including whether Office and Ward terminated Hartnett for his asserted whistleblower activities. The extent or quality of Office's actions, including whether or not it conducted an investigation, can be indicative of improper motives. It would not be appropriate for this court to address these issues without a full record and without a final disposition of all of Hartnett's causes of action relating to his termination. Under the circumstances, we cannot say the court's order is "unquestionably collateral to the merits of the case." (*Meehan v. Hopps* (1955) 45 Cal.2d 213, 216-217.)

### III. *Request to Treat Office's Appeal as a Petition for Writ of Mandate*

Office finally asks us to treat its appeal as a petition for writ of mandate, arguing the merits are fully briefed; it has no adequate remedy at law presumably due to its inability to obtain a stay; and it will suffer irreparable injury if it must pay Hartnett before its right to appeal becomes ripe. Office asserts its appeal "could be lost altogether" because it would not be subsumed in an appeal from a judgment on Hartnett's remaining claims. Office does not explain how or why it would lose its right to an appeal from a judgment on Hartnett's remaining causes of action, and we decline to address that point, which is made without authority or reasoned legal argument. (*In re Marriage of Ackerman* (2006) 146 Cal.App.4th 191, 214.)

Though we have discretion to treat Office's appeal from the judgment as a petition for a writ of mandate, we decline to do so. There are no unusual or extraordinary circumstances warranting the exercise of such discretion. (*Morehart*, *supra*, 7 Cal.4th at pp. 746-747 [defective appeal would be treated as a writ in part because the issue was of continuing public interest and likely to recur as it involved the orderly planning for development of thousands of subdivision parcels]; *Olson v. Cory* (1983) 35 Cal.3d 390, 401; *Black Diamond Asphalt, Inc. v. Superior Court* (2003) 114 Cal.App.4th 109, 114 [discretion to treat purported appeal as a petition for writ of mandate "should be exercised sparingly and only in unusual circumstances"]; *H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1366-1367 [a request to treat a nonappealable order as a writ should only be granted under extraordinary circumstances compelling enough to indicate the propriety of a petition for writ in the first instance].) " 'Generally, a writ must be issued in all cases "where there is not a plain, speedy, and adequate remedy, in the ordinary course of law." ' " (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429,1434.) Office has not presented any exigent or compelling reasons why review of the interlocutory order should not await the rendition of a final judgment; indeed, it has an adequate remedy by an appeal from the final judgment.

Under the foregoing principles, we grant Hartnett's motion to dismiss this appeal. The fact that Hartnett's writ petition was originally brought as a separate pleading (albeit under the same case number), deemed an amendment to his complaint, then severed from the remaining action and assigned a new case number for purposes of entering judgment, does not distinguish this case from *Morehart*, or otherwise provide a basis for avoiding

22

the application of the one final judgment rule.  Therefore, there is no final disposition of all causes of action between Hartnett and Office and, accordingly, there is no final judgment from which Office may appeal.  (*Morehart*, *supra*, 7 Cal.4th at pp. 741, 743.)  Lacking an appealable judgment (or appealable order), we do not have jurisdiction to consider Office's appeal.  (Code Civ. Proc., § 904.1; *Griset*, *supra*, 25 Cal.4th at pp. 697-698; *Jacobs-Zorne v. Superior Court* (1996) 46 Cal.App.4th 1064, 1070.)

IV.  *Hartnett's Motion for Sanctions*

Hartnett asks us to sanction Office and Ward in the amount of $28,800 (for his attorney's 72 hours of work at $400 per hour) plus costs for filing this appeal.  He argues the appeal is frivolous as taken from a nonappealable order and interlocutory judgment, contrary to authority on point (*Morehart*, *supra*, 7 Cal.4th 725), and with counsel's knowledge of our prior dismissal of Office's appeal from the same underlying order in *Hartnett v. San Diego County Office of Education et al.*, *supra*, D055524.  Hartnett points out Office did not address appealability in its brief or cite to adverse precedent, and he argues it "knowingly employed procedures in the trial court to obtain the 'severed' judgment appealed from under its 'new' case number when that procedure was specifically disapproved by the same precedent."  Hartnett further argues Office's grounds for appeal were not supported by law or a good faith argument for a change in that law.  Finally, Hartnett maintains the appeal was taken solely to cause delay; he asserts Office knew it should have filed a writ to obtain review but filed an appeal because appeals involve greater effort and expense and are not as speedy as writ review.  He accuses Office of "scorched earth and dilatory litigation tactics . . . ."

23

We decline to award sanctions.  " '[A]ny definition [of a frivolous appeal] must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal.  An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions.  Counsel should not be deterred from filing such appeals out of a fear of reprisals. . . .  In reviewing the dangers inherent in any attempt to define frivolous appeals, . . . courts cannot be "blind to the obvious: the borderline between a frivolous appeal and one which simply has no merit is vague indeed . . . .  The difficulty of drawing the line simply points up an essential corollary to the power to dismiss frivolous appeals: that in all but the clearest cases it should not be used."  [Citation.]  The same may be said about the power to punish attorneys for prosecuting frivolous appeals: the punishment should be used most sparingly to deter only the most egregious conduct.' "  (*In re Reno* (2012) 55 Cal.4th 428, 513.)

An appeal should be deemed frivolous " 'only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment— *or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit*.' "  (*In re Reno*, *supra*, 55 Cal.4th at p. 513.)

The circumstances here are unique.  The trial court thought it appropriate to assist Office in obtaining an immediate and direct appeal by severing Hartnett's petition and rendering a "final judgment."  Though it cannot be said Office " 'had nothing to gain from

24

delay[ing]' " (*Kolender v. San Diego County Civil Service Com'n* (2005) 132 Cal.App.4th 716, 723) its payment of back pay to Hartnett, given that Office proceeded under the impression it had a final judgment, we cannot say Office's appeal was taken in bad faith to delay the matter.  Nor can we say the appeal was patently and completely without merit, in view of the trial court's actions.

## DISPOSITION

The appeal is dismissed.  The matter is remanded to the trial court to vacate the May 13, 2013 judgment and issue it as an order under case No. 37-2008-00081583-CU-WT-CTL.  The parties shall bear their own costs on appeal.


O'ROURKE, J.

I CONCUR:


McDONALD, J.


I CONCUR IN THE RESULT:


HUFFMAN, Acting P. J.

25