Opinion
 

 DIBIASO, Acting P.J.
 

 This appeal arises out of a dispute about developer fees between plaintiff and cross-defendant N.T. Hill (Hill) and defendant and cross-complainant City of Clovis (Clovis). In the trial court, Hill claimed that Clovis owed Hill money and had waived its right to fees related to certain road improvements. The trial court granted summary adjudication (Code Civ. Proc., § 437c) in favor of Clovis.
 
 [1]
 
 Thereafter, Hill, Clovis and cross-defendant Developers Insurance Company (Developers), the surety on Hill’s performance bond, stipulated to the judgment from which Hill and Developers now appeal. We will dismiss the appeal because the stipulated “judgment” did not dispose of all the causes of action at issue between the parties under the complaint and cross-complaint and therefore was not a final, appealable judgment.
 

 
 *437
 
 Statement of Case and Facts
 

 On February 5, 1990, Clovis entered into a “Subdivision Agreement” for tract No. 4154 with subdivider William R. Tatham, Jr. In relevant part, this agreement provided, in paragraph 6(d): “Subdivider shall construct the center 32 feet of permanent paving plus median island with landscaping and irrigation on Temperance Avenue from the north limits of this tract to Shaw Avenue prior to final acceptance of this tract or prior to final map approval of any other phase of tentative tract 3980, whichever comes first. Construction plans for the work shall be submitted prior to or concurrently with the final map submittal for the next phase of this tract but not later than March 1, 1990. The center travel lane fee for the next phase will be credited based on the actual construction cost of the center 24 feet plus median island, landscaping and irrigation.”
 

 Soon thereafter Tatham assigned his interest in the February 1990 Subdivision Agreement to Hill.
 

 In October 1990, Clovis and Hill entered into a “Subdivision Agreement” for tract No. 4176. Paragraph 6(d)(12) of this agreement referred to a deposit of $55,000 by Hill as a right-of-way acquisition fee. It is undisputed that the subject right-of-way pertained to the land on which the central travel lane improvements, referred to in the February 1990 agreement, would be constructed. The October 1990 agreement also related in paragraph (6)(e): “The right-of-way acquisition fee includes costs for the acquisition of land plus any legal and court costs. This fee is based on an estimate of land values in the area and any costs incurred by the City in the process of acquiring said land. Once actual costs have been determined, the fee shall be adjusted with the City reimbursing any under credit and the Subdivider [Hill] paying any' over credit to the City prior to final tract acceptance.”
 

 Under the terms of the October 1990 Subdivision Agreement, Clovis also gave Hill a $57,141.88 credit in fees for constructing the central travel lane improvements. Clovis and Hill further agreed, in paragraph 6(f): “The center travel lane fee adjustment is based upon estimated cost. Upon construction and prior to final tract improvement acceptance, the Subdivider shall submit a financial statement signed by himself and the contractor of the work, stating the actual cost. The credit will then be adjusted with the City reimbursing any under credit and the Subdivider paying any over credit to the City prior to final tract acceptance.”
 

 It is without controversy that Hill developed both tract No. 4154 and tract No. 4176, known respectively as Silverton I and Silverton H, but did not
 
 *438
 
 construct the center travel lane improvements as anticipated by the two Subdivision Agreements.
 

 In a second amended complaint, Hill sued for declaratory relief with respect to the status of the $55,000 deposit (first cause of action) and the $57,141.38 credit or fee adjustment (second cause of action). Hill additionally alleged a cause of action for breach of contract (third cause of action), claiming that Clovis had not performed its agreement to reimburse Hill for unrelated public road improvements Hill had constructed, and a cause of action (fourth cause of action) for a portion of Hill’s costs expended in building a city park in Silverton II. In its fifth and final cause of action, Hill contended it was entitled to statutory attorney fees.
 

 Clovis cross-complained against Hill and Developers. As a first cause of action, Clovis alleged Hill breached the February 1990 Subdivision Agreement by failing to construct the center travel lane improvements. Clovis claimed damages of $32,257.16, which it said it had paid to a third party to build the improvements; Clovis alleged that “[i]f Hill obtains the relief requested in its complaint herein, then this amount is increased to $136,490.50.” In a second cause of action, Clovis charged that Hill had breached the October 1990 Subdivision Agreement by failing to (1) construct the center travel lane improvements or to pay the city for the $57,141.88 it had credited Hill for the construction; and (2) pay the additional costs for the right-of-way acquisition. In a third cause of action, Clovis alleged Hill’s performance under the terms of both Subdivision Agreements had been negligently done. As its damages, Clovis asked for the $32,257.16 it paid for construction costs, the $57,141.88 issued in credits to Hill, and whatever additional costs it could prove it spent in acquiring the right-of-way. In its fourth and final cause of action, Clovis sued on Hill’s performance bond.
 

 Shortly before trial was set to commence, Hill and Clovis filed competing motions under section 437c. Hill sought summary adjudication of various issues raised by its complaint. Clovis sought summary judgment in its favor on Hill’s complaint and summary adjudication in its favor on the second and fourth causes of action of the city’s cross-complaint. Clovis’s motion made no mention of the first and third causes of action of its cross-complaint.
 

 In its moving papers filed in support of its section 437c motion, Hill contended that Clovis had belatedly acquired a right-of-way to the land on which the center travel lane improvements were to be located, thereby
 
 *439
 
 excusing Hill from any obligation to construct them. The developer relied on the language of Government Code section 66462.5.
 
 [2]
 

 Clovis took the opposing position that Hill’s reliance on the Government Code provision was misplaced. According to the city, it did not condition the tentative tract map on construction of the center travel lane nor did it delay or refuse final map approval for tracts Nos. 4154 and 4176. It further maintained that it gave Hill credit for the unrelated public road improvements identified in Hill’s third cause of action but applied the credit to offset the balance Clovis believed Hill owed the city for the right-of-way acquisition and for the $57,141.88 credit the city gave Hill to build the center travel lane improvements.
 

 After a hearing on the parties’ section 437c motions, the trial court granted summary adjudication in favor of Clovis on Hill’s first, second and fifth causes of action and otherwise denied both motions. The court concluded that (1) Government Code section 66462.5 did not apply to the facts of the case; (2) Clovis was entitled to keep the $55,000 deposit; (3) Hill must reimburse Clovis for the $57,141.88 credit issued by the city; and (4) Hill was not entitled to statutory legal fees. The court found that triable issues of fact existed pertaining to Hill’s third and fourth causes of action and Clovis’s second and fourth causes of action.
 

 Thereafter, the parties filed an “Entry of Judgment on Stipulated Facts,” along with a “Separate Judgment on Stipulated Facts,” prepared for the trial court’s signature. According to the “Separate Judgment,” Hill, Clovis and Developers “stipulated to facts that judgment be entered.” The stipulated facts included:
 

 “Given the law and motion Court’s interpretation on summary adjudication, which will be binding at trial, Hill recognizes that it will not prevail on
 
 *440
 
 the City’s claim for the right-of-acquisition costs.[
 
 3
 
 ] That amount is $104,135.60. Hill therefore stipulates to judgment on the City’s cross-complaint. On the City’s cross-complaint, Hill will have judgment entered against it on the second cause of action in the amount of $106,277.48 ($104,135.60 - $55,000 + $57,141.88), plus prejudgment interest, of which Developers is jointly liable under the fourth cause of action in the amount of $57,141.88 plus prejudgment interest. Developers will have judgment entered against it on the fourth cause of action in the amount of $57,141.88 plus prejudgment interest.
 

 “On May 25, 1993, Hill and the City entered into an agreement (the ‘Reimbursable Agreement’) which required Hill to construct public road improvements across a park owned by the City at Peach and Alluvial Avenues. . . . Hill performed all work required by the Reimbursable Agreement and recorded a Notice of Completion on June 7, 1993. The parties now agree that the amount Hill is eligible for under the Reimbursable Agreement is $102,915.56. On the third cause of action of Hill’s second amended complaint, the City will have judgment entered against it in the amount of $102,915.56, plus prejudgment interest.
 

 “Pursuant to the Silverton II Agreement, Hill constructed a City park (‘Silverton II Park’) as part of the development of Silverton II. Since the Park benefited property in addition to Silverton II, Clovis agreed to collect contributions from the developers of the other benefiting subdivisions and reimburse Hill from the deposit for eligible costs exceeding Hill’s proportionate share of the deposit. Clovis has received such funds from the other benefiting developers. Since the summary adjudication motion, Hill has presented adequate documentation of its costs to Clovis. Consequently, the amount of reimbursement under the Silverton II Agreement for which Hill is eligible is no longer in dispute and Hill is eligible for reimbursement in the amount of $30,000. Clovis delivered a check to Hill in the amount of $26,638.08. On the fourth cause of action of Hill’s second amended complaint, the City will have judgment entered against it in the amount of $3,361.92, plus prejudgment interest.
 

 “Regarding any reimbursement to Hill for the acquisition costs of the right-of-way, reimbursement determinations would be made according to the City’s Major Street Development Ordinance.”
 

 This “Separate Judgment” also provided that:
 

 “1. Hill shall have judgment entered against City for $106,277.48 ($102,915.56 + $3,361.92), plus prejudgment interest.
 

 
 *441
 
 “2. City shall have judgment entered against Hill for $106,277.48, plus prejudgment interest, of which Developers is jointly liable for $57,141.88, and City will have judgment against Developers for $57,141.88, plus prejudgment interest.
 

 “3. The parties shall offset their judgments.
 

 “4. Costs, including attorneys fees, if any, as to any party pursuant to a timely filed, untaxed memo of costs and motion for Atty fees.”
 

 The trial court entered the “Separate Judgment” on April 8, 1996. Hill and Developers thereafter jointly filed a notice of appeal from this judgment.
 

 Discussion
 

 Soon after we received appellants’ opening brief, we notified the parties we were considering dismissing the appeal because it was taken from a nonappealable interlocutory order. We explained: “the judgment from which the appeal has been taken appears to be on less than all the causes of action between the parties and therefore fails to meet the requirements of the one final judgment rule.” We requested written comments.
 

 Appellants responded that the parties had intended the judgment to be a final disposition of all the causes of action under the parties’ pleadings. They furnished us with a copy of a “Stipulation and Order Correcting Judgment and Amending Judgment,” executed by the parties and by the trial court. This stipulation in part provided:
 

 “4. The parties intended that the Entry of Judgment on Stipulated Facts and the Separate Judgment on Stipulated Facts completely dispose of all causes of action in both the complaint and cross-complaint.
 

 “5.
 
 The Separate Judgment on Stipulated Facts inadvertently
 
 did not specifically incorporate the causes of action adjudicated in the court’s order on March 21, 1996 regarding the summary adjudication, and
 
 did not identify the disposition of the City of Clovis’ first cause of action (<breach of contract), and its third cause of action (negligence) in its cross-complaint.”
 
 (Emphasis added.)
 

 By their “Stipulation,” the parties agreed the trial court could enter an order correcting the judgment to show the prevailing party on each cause of action of Hill’s second amended complaint and on the second and fourth causes of action of Clovis’s cross-complaint. The parties further stipulated
 
 *442
 
 that the first and third causes of action in the city’s cross-complaint may be “[d]ismissed without prejudice and the statute of limitations is tolled until 30 days after remittitur to the Superior Court.” The trial court executed the order approving the stipulations and correcting the judgment on September 16, 1996.
 

 Because the stipulation and order failed to satisfy us that the judgment was a final resolution of all the issues pending between the parties, we informed the parties in a second letter that we were still troubled about the jurisdictional issue and continued to believe the appeal should be dismissed. We explained: “there are still two pending causes of action in the cross-complaint which have been dismissed
 
 without prejudice
 
 and that the statute of limitations has been tolled until 30 days after this court issues a remittitur. Thus, there has not been a final adjudication of all causes of action and issues between the parties. To accept an appeal from the document submitted by the parties would violate the one final judgment rule.”
 

 We invited the parties to again comment in writing. Alternatively, we suggested the appeal be dismissed or the parties voluntarily dismiss with prejudice all unresolved causes of action.
 

 Appellants replied by insisting the judgment was appealable. They took the position (1) the city had a statutory right under section 581, subdivisions (c) and (e),
 
 [4]
 
 to dismiss causes of action without prejudice, (2) the dismissal of claims without prejudice in order to seek appellate review was an accepted routine in appellate practice; and (3) dismissal would leave them without a remedy because the parties had resolved all issues raised in the action.
 

 We remain convinced we have no jurisdiction to entertain this appeal. An appeal cannot be taken from a judgment which fails to complete the disposition of all the causes of action pending between the parties.
 
 (Morehart
 
 v.
 
 County of Santa Barbara
 
 (1994) 7 Cal.4th 725, 743 [29
 
 *443
 
 Cal.Rptr.2d 804, 872 P.2d 143].) Such a judgment “is necessarily ‘interlocutory’ (. . . § 904.1, subd. (a)), and not yet final, as to any parties between whom another cause of action remains pending.”
 
 (.Morehart
 
 v.
 
 County of Santa Barbara, supra,
 
 7 Cal.4th at p. 741.)
 

 In an earlier case,
 
 Tenhet
 
 v.
 
 Boswell
 
 (1976) 18 Cal.3d 150 [133 Cal.Rptr. 10, 554 P.2d 330], the Supreme Court “indicated, albeit indirectly, that there would be no exceptions when partiés craft stipulations which allow remaining causes of action to survive to trial.”
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange
 
 (1997) 53 Cal.App.4th 115, 118 [61 Cal.Rptr.2d 370].) Specifically, the
 
 Tenhet
 
 court recognized the one final judgment rule is modified when a trial court’s “failure to dispose of all causes of action results from inadvertence or mistake
 
 rather than an intention to retain the remaining causes of action for trial.” (Tenhet
 
 v.
 
 Boswell, supra,
 
 18 Cal.3d at p. 154, italics added; see also
 
 Sullivan
 
 v.
 
 Delta Air Lines, Inc.
 
 (1997) 15 Cal.4th 288, 308 [63 Cal.Rptr.2d 74, 935 P.2d 781].)
 

 Section 904.1, subdivision (a), codifies the one final judgment rule, for it authorizes an appeal “[f]rom a judgment, except... an interlocutory judgment.” There are sound reasons for the rule.
 
 (Morehart
 
 v.
 
 County of Santa Barbara, supra, 1
 
 Cal.4th at p. 741, fn. 9.) “As explained in
 
 Kinoshita
 
 v.
 
 Horio
 
 [(1986)] 186 Cal.App.3d 959 [231 Cal.Rptr. 241], ‘[t]hese include the obvious fact that piecemeal disposition and multiple appeals tend to be oppressive and costly. [Citing, inter alia,
 
 Knodel
 
 v.
 
 Knodel
 
 [(1975)] 14 Cal.3d 752, 766 [122 Cal.Rptr. 521, 537 P.2d 353].] Interlocutory appeals burden the courts and impede the judicial process in a number of ways: (1) They tend to clog the appellate courts with a multiplicity of appeals. . . . (2) Early resort to the appellate courts tends to produce uncertainty and delay in the trial court. ... (3) Until a final judgment is rendered the trial court may completely obviate an appeal by altering the rulings from which an appeal would otherwise have been taken. [Citations.] (4) Later actions by the, trial court may provide a more complete record which dispels the appearance of error or establishes that it was harmless. (5) Having the benefit of a complete adjudication . . . will assist the reviewing court to remedy error (if any) by giving specific directions rather than remanding for another round of open-ended proceedings.’ (186 Cal.App.3d at pp. 966-967.)”
 
 (Morehart
 
 v.
 
 County of Santa Barbara, supra, 1
 
 Cal.4th at p. 741, fn. 9.)
 

 In three recent decisions, divisions of the First, Second, and Fourth District Courts of Appeal have relied upon
 
 Morehart
 
 to condemn as an “artifice” stipulated judgments which requested court orders dismissing without prejudice one or more pled but unadjudicated causes of action.
 
 {Four
 
 
 *444
 

 Point Entertainment, Inc.
 
 v.
 
 New World Entertainment, Ltd.
 
 (1997) 60 Cal.App.4th 79 [70 Cal.Rptr.2d 82];
 
 Jackson
 
 v.
 
 Wells Fargo Bank
 
 (1997) 54 Cal.App.4th 240 [62 Cal.Rptr.2d 679];
 
 Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th 115.) In each case, the appellant lost a summary adjudication motion and the parties thereafter stipulated to a judgment. The stipulations included a provision authorizing the trial court to dismiss one or more unresolved causes of action without prejudice and with what was or what amounted to a waiver of the statutes of limitation otherwise applicable to the dismissed counts.
 
 (Four Point Entertainment, Inc.
 
 v.
 
 New World Entertainment, Ltd., supra,
 
 60 Cal.App.4th at pp. 81-82;
 
 Jackson
 
 v.
 
 Wells Fargo Bank, supra,
 
 54 Cal.App.4th at pp. 242-243;
 
 Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at p. 117.) For example, in
 
 Four Point Entertainment, Inc.,
 
 the trial court granted the defendant’s motion for summary adjudication as to some but not all of the causes of action in the plaintiff’s complaint. Thereafter, the parties entered into a stipulation for dismissal of all pending claims in order to allow the plaintiff to appeal the trial court’s ruling; the dismissal included the remaining causes of action of the plaintiff’s complaint as well as all causes of action in a complaint in intervention and in the defendant’s cross-complaint against a third party. (60 Cal.App.4th at p. 81.) The stipulation also declared “ ‘that the filing and the prosecution of an appeal in this action shall not prejudice either party’s future right to prosecute such claims and causes of action which are being voluntarily dismissed by both parties following the conclusion of the appeal process.’ ”
 
 (Id.
 
 at pp. 81-82.) The trial court approved the stipulation, entered a final judgment in favor of the defendant, and dismissed all undecided claims.
 
 (Id.
 
 at p. 82.)
 

 The three recent Court of Appeal opinions are well reasoned and correct in theory and outcome. We elect to follow them. We agree that “[t]he one final judgment rule does not allow contingent causes of action to exist in a kind of appellate netherworld.”
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at p. 118.)
 

 The facts disclosed by the record before us are identical in substance and effect to the critical facts in
 
 Don Jose’s Restaurant, Inc., Jackson,
 
 and
 
 Four Point Entertainment, Inc.
 
 The trial court here has not finally disposed of two of the city’s causes of action against Hill and Developers notwithstanding the dismissal of those claims under the amended judgment. The stipulation and judgment here “virtually exudes an intention to retain [these] remaining causes of action for trial”
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at p. 118), as did the stipulations and judgments involved in
 
 Don Jose’s Restaurant, Jackson
 
 and
 
 Four Point Entertainment, Inc.
 
 The stipulated judgment permits Clovis to refile and prosecute,
 
 *445
 
 after remittitur from this court, its first and third causes of action; these include Clovis’s breach of contract claim for $32,257.16 as its out-of-pocket costs for construction of the center travel lane improvements and its negligence claim based upon Hill’s alleged nonperformance of its contractual duties. In effect, the judgment keeps these causes of action undecided and legally alive for future resolution in the trial court. If we allowed the instant appeal to proceed, Clovis would remain free to refile the dismissed claims and try them in the superior court if our opinion made such action necessary or advisable. As such, the stipulated “judgment” from which this appeal was taken is not final.
 
 (Morehart
 
 v.
 
 County of Santa Barbara, supra, 1
 
 Cal.4th at p. 741.) We will consequently dismiss this appeal
 
 {Sullivan
 
 v.
 
 Delta Air Lines, Inc., supra,
 
 15 Cal.4th at p. 307), after appropriate instructions to the trial court (see 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 339, pp. 381-382).
 

 Appellants have not persuaded us to hear the case in its present posture. The fact that Clovis may have a statutory right to dismiss a cause of action without prejudice is not determinative of our appellate jurisdiction. The dismissal here was not the result of a unilateral act by the city. “[T]he court, not the parties, dismissed the unresolved claims based upon a stipulation that is unenforceable because it purports to vest jurisdiction in an appellate court where none exists.”
 
 (Four Point Entertainment, Inc.
 
 v.
 
 New World Entertainment, Ltd., supra,
 
 60 Cal.App.4th at p. 83, fn. 4.) (3) Moreover, a party’s voluntary dismissal without prejudice does not come equipped by law with an automatic tolling or waiver of all relevant limitations periods; instead, such a dismissal includes the very real risk that an applicable statute of limitations will run before the party is in a position to renew the dismissed cause of action. Also, a voluntary dismissal does not protect a cross-complainant from a later contention that a dismissed cause of action in a cross-complaint was compulsory and therefore required to be brought and adjudicated in the action initiated by the plaintiff. (§ 426.30, subd. (a); 5 Witkin, Cal. Procedure,
 
 supra,
 
 Pleading, § 1103, p. 557.) Instead, such a dismissal raises the possibility that the judgment in the action, if affirmed on appeal, will activate the statutory bar against any subsequent attempt by the cross-complainant to reinitiate prosecution of the dismissed cause of action.
 

 As for appellants’ argument that other appeals courts have reviewed similar stipulated judgments without being bothered by any appeal-ability issue, each of the decisions cited by
 
 appellants—Dore
 
 v.
 
 County of Ventura
 
 (1994) 23 Cal.App.4th 320, 322, footnote 1 [28 Cal.Rptr.2d 299];
 
 City of Laguna Beach
 
 v.
 
 Mead Reinsurance Corp.
 
 (1990) 226 Cal.App.3d 822, 828 [276 Cal.Rptr. 438]; and
 
 Careau & Co.
 
 v.
 
 Security Pacific Business
 
 
 *446
 

 Credit, Inc.
 
 (1990) 222 Cal.App.3d 1371 [272 Cal.Rptr. 387]—predate the Supreme Court’s opinion in
 
 Morehart
 
 v.
 
 County of Santa Barbara, supra, 1
 
 Cal.4th 725. In any event, parties simply cannot create by stipulation appellate jurisdiction where none otherwise exists.
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at pp. 118-119.) If the opinions relied upon by appellants are inconsistent with
 
 Morehart,
 
 they have been disapproved sub silentio by the Supreme Court; if such cases are inconsistent with our holding in this case, we decline to follow them.
 
 [5]
 

 Finally, the dismissal of this appeal will not leave appellants without recourse. Because the stipulated judgment does not decide all issue between the parties, it is not a final judgment.
 
 (Morehart
 
 v.
 
 County of Santa Barbara, supra,
 
 7 Cal.4th at p. 741.) Appellants may still challenge the trial court’s rejection of their Government Code section 66462.5 contention if and when Clovis’s first and third causes of action are adjudicated or otherwise disposed of and appellants file a timely appeal from the ultimate judgment.
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at p. 119.) In other words, appellants retain the right of appellate review at the appropriate time, but not earlier.
 
 (Jackson
 
 v.
 
 Wells Fargo Bank, supra,
 
 54 Cal.App.4th at p. 245.) What they do not have is “the right—even with a willing accomplice in the respondent—to separate those causes of action into two compartments for separate appellate treatment at different points in time.”
 
 (Ibid.)
 
 Our instructions to the trial court upon dismissal will eliminate any reason for concern on the part of appellants about their remedy of appeal from a final judgment in the action.
 

 Finally, appellants have not asked this court to consider their briefs as a petition for writ of mandate. (Cf.
 
 Jackson
 
 v.
 
 Wells Fargo Bank, supra,
 
 54 Cal.App.4th at p. 245; see also
 
 Morehart
 
 v.
 
 County of Santa Barbara, supra,
 
 7 Cal.4th at p. 744.) We therefore have no occasion to assess whether this would be a proper case for the exercise of our discretionary power to review the trial court’s rulings despite the defective appeal.
 

 Disposition
 

 The trial court shall vacate the judgment and the stipulation on which it is based.
 
 (Four Point Entertainment, Inc.
 
 v.
 
 New World Entertainment, Ltd., supra,
 
 60 Cal.App.4th at p. 83.) The appeal is dismissed. Because “this unnecessary detour to the appellate court was the product of a stipulation,” each party shall bear its own costs incurred with respect to the dismissed
 
 *447
 
 appeal.
 
 (Don Jose’s Restaurant, Inc.
 
 v.
 
 Truck Ins. Exchange, supra,
 
 53 Cal.App.4th at p. 119.)
 

 Thaxter, J., and Wiseman, J., concurred.
 

 [1]
 

 All statutory references are to the Code of Civil Procedure unless otherwise indicated.
 

 [2]
 

 Government Code section 66462.5 provides in pertinent part: “A city . . . shall not postpone or refuse approval of a final map because the subdivider has failed to meet a tentative map condition which requires the subdivider to construct or install offsite improvements on land in which neither the subdivider nor the local agency has sufficient title or interest, including an easement or license, at the time the tentative or final map is filed with the local agency, to permit the improvements to be made. In such cases, the city . . . shall, within 120 days of the filing of the final map, pursuant to Section 66457, acquire by negotiation or commence proceedings ... to acquire an interest in the land which will permit the improvements to be made, including proceedings for immediate possession of the property . ... In the event a city . . . fails to meet the 120-day time limitation, the condition for construction of offsite improvements shall be conclusively deemed to be waived. Prior to approval of the final map the city . . . may require the subdivider to enter into an agreement to complete the improvements pursuant to Section 66462 at such time as the city ... acquires an interest in the land which will permit the improvements to be made. “Nothing in this section precludes a city . . . from requiring a subdivider to pay the cost of acquiring offsite real property interests required in connection with a subdivision.”
 

 [3]
 

 In a footnote, the parties noted: “Hill and Developers disagree with the Court’s interpretation and intends [¿7c] to appeal the issue after judgment.”
 

 [4]
 

 In pertinent part, section 581 provides: “(c) A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial. ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . “(e) After the actual commencement of trial, the court shall dismiss the complaint, or any causes of action asserted in it, in its entirety or as to any defendants, with prejudice, if the plaintiff requests a dismissal, unless all affected parties to the trial consent to dismissal without prejudice or by order of the court dismissing the same without prejudice on a showing of good cause.”
 

 [5]
 

 We take no position on either topic.