Filed 12/18/17

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| BADRUDIN KURWA, | ) | |
| | ) | |
| Plaintiff and Appellant, | ) | |
| | ) | S234617 |
| v. | ) | |
| | ) | Ct.App. 2/5 B264641 |
| MARK B. KISLINGER et al., | ) | |
| | ) | Los Angeles County |
| Defendants and Respondents. | ) | Super. Ct. No. KC045216 |
| _____ | ) | |

After the trial court dismissed some of plaintiff's claims with prejudice, the parties agreed to dismiss their remaining claims against one another without prejudice and to waive the applicable statutes of limitations.  The evident purpose of this maneuver was to permit plaintiff to appeal the trial court's partial order of dismissal.  The plan hit a speed bump, however, when this court held that the trial court's judgment was not final and appealable because the parties had effectively preserved their remaining claims for future litigation. (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097 (*Kurwa I*).)

Since then, plaintiff has made several efforts to secure a final and appealable trial court judgment.  He has been blocked at every turn.  First the trial court disclaimed any power to revisit the parties' agreement.  Then, when plaintiff attempted to finalize the judgment by dismissing his own outstanding claims *with* prejudice, the Court of Appeal dismissed the appeal, concluding that no appeal will lie unless defendant, too, disposes of his outstanding cross-claim.  Defendant,

who had prevailed in the trial court, of course has shown no inclination to help plaintiff out of this bind, and the offending cross-claim remains pending. Having attempted to circumvent the one final judgment rule, plaintiff has now wound up in a legal cul de sac.

We agree with the Court of Appeal that the present appeal is not plaintiff's way out, though we reach that conclusion for a different reason: While plaintiff has dismissed his outstanding claim with prejudice, the trial court still has taken no action to render a final and appealable judgment. But we take this opportunity to make clear that, contrary to its earlier supposition, the trial court does indeed have the power to take action. So long as no final and appealable judgment has been entered in this case, the trial court retains the authority to render one. We accordingly affirm the judgment of the Court of Appeal and remand to permit the trial court to exercise its authority to vacate its defective 2010 judgment and the parties' underlying stipulation. The parties may then either proceed to judgment on the outstanding causes of action or dismiss those causes of action with prejudice. Either way, the trial court can and should enter a final judgment from which plaintiff can finally appeal.

## I.

In 1992, plaintiff Badrudin Kurwa and defendant Mark B. Kislinger, both ophthalmologists, formed a corporation that entered into contracts to provide medical services to patients of a health maintenance organization (HMO). In 2003, Kurwa's license to practice medicine was suspended for 60 days and he was placed on probation for five years. Kislinger notified the HMO that Kurwa's license had been suspended, that Kurwa would no longer provide medical services, and that this automatically terminated the HMO's agreement with the parties' joint corporation. Kislinger also informed the HMO that he had formed a new corporation that would hire substantially all of the employees of the joint

2

corporation.  The HMO terminated its agreement with the joint corporation and executed a new agreement with Kislinger's corporation.

In 2004, Kurwa sued Kislinger for breach of fiduciary duty and defamation, among other things.  Kislinger cross-complained for defamation.  In 2010, the trial court concluded in a series of in limine rulings that the parties owed each other no fiduciary duty once they created a corporation to conduct their business.  Kurwa conceded he could not proceed on his cause of action for breach of fiduciary duty and related claims, and he abandoned several other causes of action.  The trial court dismissed these claims with prejudice.

The parties agreed to dismiss their respective defamation claims without prejudice and waive the applicable statutes of limitations.  (See Code Civ. Proc., § 581, subd. (c) ["A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."].)  The stipulation provided, in pertinent part:  "Neither KURWA nor KISLINGER shall be permitted to reinstitute their defamation claim unless the Judgment entered in this case as to all remaining causes of action shall be reversed and remanded for trial.  In that event, either KURWA or KISLINGER may reinstitute their respective defamation claims, and they shall not be subject to the bar of the statute of limitations. . . ."  "According to defense counsel, this would allow the parties to 'test the issue' of fiduciary duty and 'get a ruling' from the appellate court before disposing of the defamation claims, which were 'kind of outside this whole discussion.'  The purpose of this agreed disposition, plaintiff's attorney further explained, was to 'preserve' both defamation causes of action 'for such time as this case may come back from appeal.' "  (*Kurwa I*, *supra*, 57 Cal.4th at p. 1101.)  On August 23, 2010, the trial court entered judgment in favor of Kislinger, and Kurwa appealed.

3

The Court of Appeal held that the judgment was final and appealable, reasoning that because the defamation counts had been dismissed, they were no longer pending between the parties and the trial court had no jurisdiction to proceed further on any cause of action. The court acknowledged that *Don Jose's Restaurant, Inc. v. Truck Ins. Exchange* (1997) 53 Cal.App.4th 115 and its progeny had reached a contrary conclusion in the face of comparable facts, but it disagreed with that line of cases. On the merits, the Court of Appeal determined the trial court had erred in ruling defendant owed plaintiff no fiduciary duty on the facts pleaded, and it accordingly reversed the trial court's judgment.

We granted defendant's petition for review and reversed the judgment of the Court of Appeal, ruling that the trial court's judgment was not appealable. Relying on *Don Jose's* and its progeny, we held that "the parties' agreement holding some causes of action in abeyance for possible future litigation after an appeal from the trial court's judgment on others renders the judgment interlocutory and precludes an appeal under the one final judgment rule." (*Kurwa I*, *supra*, 57 Cal.4th at p. 1100.) We remanded the matter to the Court of Appeal "with directions to dismiss the appeal." (*Id*. at p. 1108.)

On remand to the trial court, Kurwa moved to rescind the stipulation waiving the statute of limitations and asked the court to reconsider its 2010 adverse rulings. The trial court declined to do so, concluding it lacked jurisdiction to modify the judgment.

Kurwa then filed a petition for writ of mandate to order the trial court to rescind the stipulation, which the Court of Appeal denied. The court explained that "[p]etitioner is not without other means to attempt to make the judgment reviewable," although the court did not specify what those means might be. This court denied review.

4

Returning to the trial court, Kurwa moved to amend the complaint to add a cause of action for rescission of the stipulation due to mistake of law. The court denied Kurwa's motion and Kurwa again sought a writ of mandate from the Court of Appeal. The Court of Appeal denied the petition, concluding that the trial court did not abuse its discretion in denying Kurwa's "motion to amend to add a rescission claim related to the stipulation . . . ." Justice Mosk dissented, stating he would grant an alternative writ of mandate directing the respondent court to vacate an earlier 2010 order and enter a new order denying the motions in limine, or show cause why the court should not be so ordered. Noting that the Court of Appeal had held that the trial court had erred, Justice Mosk described the case as "a seemingly Kafkaesque situation [in which] petitioner is unable to correct a miscarriage of justice . . . ." This court again denied review.

In a final effort that gave rise to the petition for review in this case, Kurwa filed in the trial court a "Request for Dismissal" with prejudice of his defamation cause of action, and the court clerk entered that dismissal on April 23, 2015. On June 1, 2015, plaintiff filed a notice of appeal from the "Judgment, entered herein . . . on August 23, 2010." The Court of Appeal dismissed the appeal, holding that "the 2015 notice of appeal from the 2010 judgment is untimely" and, in any event, "the problem in *Kurwa* continues to exist because Kislinger's defamation cause of action *in the cross-complaint* remains outstanding . . . ."

We granted review.

## II.

To avoid piecemeal appeals, the "one final judgment" rule ordinarily limits appellate review to trial court judgments that finally dispose of all issues. (*Kurwa I*, *supra*, 57 Cal.4th at p. 1101.) The parties in this case attempted to circumvent the rule to obtain what was, in effect, interlocutory review of a trial court's partial order of dismissal by agreeing to dismiss the remainder of their claims without

5

prejudice and waiving the statutes of limitations. We held in *Kurwa I* that this attempt was unavailing. We concluded that the trial court's judgment dismissing the remaining claims without prejudice was not a final disposition of those claims, but instead held them "in abeyance for possible future litigation." (*Id*. at p. 1100.)

In the wake of our decision in *Kurwa I*, Kurwa has made two attempts to secure a final and appealable judgment. He first asked the trial court to vacate its order of dismissal and the underlying stipulation. Failing that, he sought to dismiss his defamation claim with prejudice, which would finally dispose of the claim. Kurwa is, however, powerless to require Kislinger to do the same with respect to the defamation claim raised in the cross-complaint, and Kislinger has no incentive to assist Kurwa in his efforts to appeal an order that had been entered in Kislinger's favor. Kislinger argues (and the Court of Appeal agreed) that unless and until Kislinger also chooses to dismiss his defamation claim, there can be no final and appealable judgment.

For his argument, Kislinger relies on *Hill v. City of Clovis* (1998) 63 Cal.App.4th 434, 445 (*Hill*), in which the Court of Appeal held that a stipulated judgment was not final and appealable where, much as in this case, two causes of action in a cross-complaint had been dismissed without prejudice and the statute of limitation had been tolled. Kurwa, for his part, counters that Kislinger cannot unilaterally block him from pursuing an appeal of the trial court's rulings against him. For this proposition, he relies on a footnote in *Vedanta Society of So. California v. California Quartet, Ltd.* (2000) 84 Cal.App.4th 517, 525, footnote 8, in which, in contrast to *Hill*, the Court of Appeal held that the rule that a judgment is not final if causes of action were dismissed without prejudice has "no application where the party dismissing causes of action without prejudice is the *respondent* on appeal." (See also *Local Motion, Inc. v. Niescher* (9th Cir. 1997) 105 F.3d 1278, 1279.)

6

Ultimately, we have no occasion to resolve the tension between the approaches taken in *Hill* and *Vedanta Society* because Kurwa's appeal fails for a more basic reason: There is still no trial court judgment from which Kurwa could appeal. The 2010 order was not a final judgment because it disposed of less than all of the causes of action. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [" 'A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' [Citations.] [¶] Finality in this sense not only makes a judicial determination a judgment, it also makes that judgment appealable."]; *U.S. Financial v. Sullivan* (1974) 37 Cal.App.3d 5, 11 [it is improper for the trial court to enter a judgment of dismissal if some causes of action remain pending].)

Kurwa's dismissal with prejudice of his defamation claims was entered on the docket by the court clerk, without the trial court's involvement. It did not result in the entry of a new trial court judgment that finally disposed of all claims (or at least all of the losing party's claims) in the action. Nor could Kurwa's dismissal have retroactively altered the character of the trial court's 2010 judgment. And even if Kurwa's dismissal with prejudice could have retroactively altered the character of the trial court's 2010 judgment, the Court of Appeal is correct that the time for appealing that judgment has long since expired. (Cal. Rules of Court, rule 8.104(a)(1) [a notice of appeal from a superior court judgment must be filed within 60 days of the notice of entry of judgment or 180 days after judgment, whichever is earlier].) To accept Kurwa's argument would therefore require us to hold that his dismissal with prejudice not only changed the character of the trial court's 2010 judgment, but also delayed the rendering of the trial court's judgment until 2015.

There is, as we see it, no way for Kurwa to proceed with his appeal unless and until the trial court takes action to render a judgment that is actually final and appealable. Of course, Kurwa has previously asked the trial court to do just that, and the trial court refused, professing lack of jurisdiction to vacate its earlier order dismissing the defamation claims without prejudice. We agree with Kurwa that the trial court was mistaken.

It stands to reason that if the trial court has not entered a judgment that is final and appealable, it retains the power to render one. This was the unstated assumption underlying our disposition in *Kurwa I*, *supra*, 57 Cal.4th at page 1107, in which we directed the Court of Appeal to dismiss plaintiff's appeal as premature, without ever suggesting that plaintiff might have lost the right to appeal altogether. The confusion in this case appears to arise from the fact that the trial court has already dismissed the claims in question once, albeit without prejudice. Kislinger argues that this means that the trial court can no longer act in the case, even to issue a judgment finally disposing of the defamation claim Kurwa has now dismissed with prejudice. For this unlikely proposition, Kislinger relies on *Harris v. Billings* (1993) 16 Cal.App.4th 1396 (*Harris*), but *Harris* lends no support.

*Harris* arose from the parties' agreement to abate a civil lawsuit that "provided that appellant would dismiss her complaint 'without prejudice to its later reinstitution and/or refiling' and that all applicable statutes of limitations and claims of laches would be tolled for four months." (*Harris*, *supra*, 16 Cal.App.4th at p. 1400.) The plaintiff dismissed the action without prejudice, but when the parties failed to appear for a scheduled status conference, the superior court "on its own motion and without notice, vacated the . . . dismissal without prejudice and caused an order to be entered dismissing the entire action *with* prejudice" as a sanction under Code of Civil Procedure section 575.2. (*Harris*, at p. 1401; *id*. at

8

p. 1401, fn. 1.) The Court of Appeal reversed, citing the rule that " '[a] voluntary dismissal of an entire action deprives the court of subject matter jurisdiction as well as personal jurisdiction of the parties.' " (*Id.* at p. 1405.) The court reasoned that the superior court "had no jurisdiction to vacate the dismissal without prejudice, properly entered pursuant to appellant's request, or to enter a new order dismissing the action with prejudice." (*Ibid*.)

Regardless of whether *Harris* was correctly decided—a question we do not decide here—it is distinguishable. Kurwa did not voluntarily dismiss his entire complaint, such that nothing was left pending in the trial court but the mere possibility that the dismissed causes of action might be revived in the future. (Cf. *Harris*, *supra*, 16 Cal.App.4th at p. 1403.) Rather, after the trial court issued its rulings on the fiduciary duty issue, both parties dismissed their defamation claims without prejudice, waived the applicable statutes of limitations, and the trial court issued what this court would later hold was not a final and appealable judgment. As we said in *Kurwa I*, "where the parties, by waiver or agreed tolling of the statute of limitations or a similar agreement, have arranged for those causes of action to be resurrected upon completion of the appeal, they remain 'legally alive' in substance and effect." (*Kurwa I*, *supra*, 57 Cal.4th at p. 1105.) And because these claims remain "legally alive," so too do the fiduciary duty claims, since the trial court's rulings on those claims have yet to be reduced to a final judgment. So long as those claims remain pending before the court, neither dismissed nor finally disposed of, the court necessarily retains the power to act. (*Sullivan v. Delta Air Lines, Inc.*, *supra*, 15 Cal.4th at p. 304; *U.S. Financial v. Sullivan*, *supra*, 37 Cal.App.3d at p. 11.)

9

What is more, the Court of Appeal in *Harris* assumed that the dismissal without prejudice had "properly" been "entered pursuant to appellant's request." (*Harris*, *supra*, 16 Cal.App.4th at p. 1405.) The core of Kurwa's argument here, however, is that the agreement to dismiss the claims was faulty because the parties were under the mistaken impression that the dismissal would enable early appellate review of the trial court's fiduciary duty rulings—a mistake that became clear once this court issued its ruling in *Kurwa I*. As a general rule, a mistake of this sort constitutes grounds for unwinding the transaction and giving the parties the chance to make a new run at the problem. (Cf. Civ. Code, §§ 1550, 1575–1578; *Harris v. Rudin, Richman & Appel* (2002) 95 Cal.App.4th 1332, 1338–1339 [the parties' lack of knowledge that a crucial statute had been amended could constitute a mistake of law that would justify rescinding a settlement agreement].) *Harris* does not suggest otherwise.

Confronted with similar circumstances, Courts of Appeal have not, as Kislinger suggests, treated the parties' failed appeal attempt as the end of the line for the litigation. They have instead directed trial courts to vacate their judgments and the underlying stipulations to allow the cases to proceed to final judgment. In *Four Point Entertainment, Inc. v. New World Entertainment, Ltd.* (1997) 60 Cal.App.4th 79, 81–82, for example, after the superior court granted summary adjudication of some claims and denied summary adjudication of other claims, the parties "entered a stipulation for dismissal of all remaining claims and entry of a 'final judgment,' reciting that 'most of the issues necessary to a disposition of the remaining causes of action have been decided by the trial court, which adjudication [Four Point] seeks to have reviewed by the Court of Appeal,' and expressing their intent 'that the filing and the prosecution of an appeal in this action shall not prejudice either party's future right to prosecute such claims and causes of action which are being voluntarily dismissed by both parties following

10

the conclusion of the appeal process.' "  The trial court issued what purported to be a " 'final judgment,' " from which Four Point appealed.  (*Id*. at p. 82.)  Relying on *Don Jose's*, the Court of Appeal ruled that this judgment was not appealable because it did not dispose of all of the causes of action between the parties.  The Court of Appeal dismissed the appeal and remanded the case to the trial court "with directions to vacate the judgment and the stipulation on which it is based." (*Id*. at p. 83.)

Similarly, in *Hill*, following a grant of summary adjudication, "the parties filed an 'ENTRY OF JUDGMENT ON STIPULATED FACTS,' along with a 'SEPARATE JUDGMENT ON STIPULATED FACTS,' prepared for the trial court's signature" that inadvertently failed to dispose of all of the causes of action.  (*Hill*, *supra*, 63 Cal.App.4th at p. 439.)  The Court of Appeal dismissed the appeal, but noted "the dismissal of this appeal will not leave appellants without recourse.  Because the stipulated judgment does not decide all issue[s] between the parties, it is not a final judgment.  [Citation.]  Appellants may still challenge the trial court's rejection of their Government Code section 66462.5 contention if and when Clovis's first and third causes of action are adjudicated or otherwise disposed of and appellants file a timely appeal from the ultimate judgment. . . .  Our instructions to the trial court upon dismissal will eliminate any reason for concern on the part of appellants about their remedy of appeal from a final judgment in the action."  (*Hill*, at

11

p. 446.)  The Court of Appeal dismissed the appeal, but ordered the trial court to "vacate the judgment and the stipulation on which it is based."  (*Ibid.*)[1]

Kurwa did not ask us to fashion similar dispositional language in *Kurwa I*, and we did not do so.  But we agree with the Courts of Appeal that when the parties, by agreement, make a failed attempt to secure appellate review of a trial court's nonfinal judgment, the trial court retains the power to vacate both the defective judgment and the underlying stipulation—that is, to restore the parties to the positions they would have been in absent the failed attempt.

We therefore now make explicit what was implicit in our earlier decision: Because the trial court did not render a judgment that was final and appealable, it retains power to act in the case.  That power includes the authority to vacate the defective 2010 judgment and the parties' underlying stipulation.  Once the parties and the court have disposed of the remaining defamation counts—either by dismissing them with prejudice (as Kurwa already has for the cause of action in his complaint) or pursuing them to judgment—the trial court can, and should, issue a final judgment from which Kurwa can appeal.

---

[1]    To the same effect is the dispositional order in *Hoveida v. Scripps Health* (2005) 125 Cal.App.4th 1466, 1470:  "The appeal is dismissed, and the matter is remanded to the trial court with directions to vacate the judgment and stipulation on which it is based."  All three cases are discussed with approval in *Kurwa I*, *supra*, 57 Cal.4th at pages 1103–1104.

### III.

The order of the Court of Appeal dismissing the appeal is affirmed and the case is remanded for further proceedings consistent with the views expressed in this opinion.


**KRUGER, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**McCONNELL, J.**[*]

---

[*] Administrative Presiding Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Kurwa v. Kislinger

_____

**Unpublished Opinion** XXX NP opn. filed 4/7/16 – 2nd Dist., Div. 5
**Original Appeal**
**Original Proceeding**
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S234617
**Date Filed:** December 18, 2017

_____

**Court:** Superior
**County:** Los Angeles
**Judge:** Dan T. Oki

_____

**Counsel:**

Law Offices of Robert S. Gerstein, Robert S. Gerstein; Law Offices of Steven H. Gardner and Steven H. Gardner for Plaintiff and Appellant.

Jon B. Eisenberg, Margaret A. Grignon, Robin Meadow, Dennis A. Fischer, Robin B. Johansen, Laurie J. Hepler, Orly Degani, Rex Heinke; Colantuono, Highsmith & Whatley, Michael G. Colantuono and Ryan Thomas Dunn for California Academy of Appellate Lawyers as Amicus Curiae on behalf of Plaintiff and Appellant.

Harrington, Foxx, Dubrow & Canter and Dale B. Goldfarb for Defendants and Respondents.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert S. Gerstein
Law Offices of Robert S. Gerstein
171 Pier Avenue, #322
Santa Monica, CA  90405
(310) 820-1939

Dale B. Goldfarb
Harrington, Foxx, Dubrow & Canter
1055 W. Seventh Street, 29th Floor
Los Angeles, CA  90017
(213) 489-3222