Filed 1/31/18

# IN THE SUPREME COURT OF CALIFORNIA

BADRUDIN KURWA,

      Plaintiff and Appellant,

      v.

MARK B. KISLINGER et al.,

      Defendants and Respondents.

S234617

Ct.App. 2/5 B264641

Los Angeles County
Super. Ct. No. KC045216

## ORDER MODIFYING OPINION
## ON THE COURT'S OWN MOTION

THE COURT:

The opinion in this matter, which was filed December 18, 2017, and appears at 4 Cal.5th 109, is modified as follows:

The second full paragraph on page 115, beginning "Ultimately, we have no occasion," is deleted and the following paragraph is inserted in its place: Ultimately, we have no occasion to resolve the tension between the approaches taken in *Hill* and *Vedanta Society* because Kurwa's appeal from the 2010 interlocutory judgment fails for a more basic reason: Kurwa's dismissal of his defamation cause of action did not transform the 2010 interlocutory judgment into an appealable final judgment and Kurwa has not argued or attempted to explain why the appellate court should have treated the voluntary dismissal as though it were itself an appealable final order. The 2010 interlocutory judgment was not a final judgment because it disposed of less than

1

all of the causes of action. (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304 [" 'A judgment is final "when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." ' [Citations.] [¶] Finality in this sense not only makes a judicial determination a judgment, it also makes that judgment appealable."]; *U.S. Financial v. Sullivan* (1974) 37 Cal.App.3d 5, 11 [it is improper for the trial court to enter a judgment of dismissal if some causes of action remain pending].)

The third full paragraph on page 115, beginning "Kurwa's dismissal with prejudice," is deleted and the following paragraph is inserted in its place: In appealing from that order, Kurwa does not explain how the dismissal of his defamation claim could have retroactively transformed the 2010 interlocutory judgment concerning the fiduciary duty claims into one that finally disposed of all issues between the parties. And even if Kurwa's dismissal with prejudice could have retroactively altered the character of the trial court's 2010 interlocutory judgment, the Court of Appeal is correct that the time for appealing that judgment has long since expired. (Cal. Rules of Court, rule 8.104(a)(1) [a notice of appeal from a superior court judgment must be filed within 60 days of the notice of entry of judgment or 180 days after judgment, whichever is earlier].) To accept Kurwa's argument would therefore require us to hold that his dismissal of the defamation claim with prejudice not only changed the character of the trial court's 2010 interlocutory judgment, but also delayed the rendering of that judgment until 2015.

These modifications do not affect the judgment.