Filed 12/13/22  Richmond Shoreline Alliance v. City of Richmond CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| RICHMOND SHORELINE ALLIANCE et al.,<br><br>    Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF RICHMOND et al.,<br><br>    Defendants and Respondents,<br><br>HRP CAMPUS BAY PROPERTY, LLC,<br><br>Real Party in Interest and Respondent. | A166004<br><br>(Contra Costa County<br>Super. Ct. No. CIVMSN201967) |

## MEMORANDUM OPINION

HRP Campus Bay Property, LLC (HRP), the developer of a project in Richmond and the real party in interest in plaintiffs' action under the California Environmental Quality Act (CEQA) (Pub. Resources Code, § 21000 et seq.), filed a motion to dismiss plaintiffs' appeal from a judgment denying plaintiffs' petition for a writ of mandate.  The issue presented is whether the time to appeal runs from the date of the order after hearing denying the petition or whether it runs from the notice of entry of the subsequent judgment that reiterates the ruling.  The issue is pending before the California Supreme Court (*Meinhardt v. City of Sunnyvale* (2022) 76

1

Cal.App.5th 43, review granted June 15, 2022, S274147).  However, multiple Court of Appeal decisions support HRP's position that an order denying a petition for a writ of mandate that disposes of all claims between the parties is an immediately appealable final judgment.  (E.g., *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180, 190 (*Calexico*); *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 583 (*Laraway*); *Valero Refining Co.–California v. California Bay Area Air Quality Management Dist. Hearing Bd.* (2020) 49 Cal.App.5th 618, 633, fn. 10 ["the appealable judgment was the court's order granting writ of mandate, not a 'judgment' that it subsequently entered"]; *Martis Camp Community Assn. v. County of Placer* (2020) 53 Cal.App.5th 569, 587, fn. 11 (*Martis Camp*).)

Plaintiffs (Richmond Shoreline Alliance; Sustainability, Parks, Recycling, and Wildlife Legal Defense Fund, Inc.; Citizens for East Shore Parks, Inc.; Sunflower Alliance; and Greenaction for Health and Environmental Justice, Inc.) filed a petition for a peremptory writ of mandate and complaint for declaratory relief under CEQA challenging the City of Richmond's approval of a mixed use project providing housing, commercial space, and parks and open space.  HRP, the project developer, was named as the real party in interest and opposed the petition.  The first and second causes of action challenged the city's approval of the project under CEQA. The third cause of action alleged the hearing process for the project's approval was unfair.  The fourth cause of action sought declaratory relief regarding the rights and duties of the city and the public regarding the conduct of future administrative hearings for project approvals.

On May 25, 2022, following a hearing on the petition, the trial court issued a detailed "ORDER AFTER HEARING (Petition for Peremptory Writ of Mandate)," finding against plaintiffs on their first, second and third causes

of action and denying their request for a writ of mandate. The order specified that it did not address plaintiffs' fourth cause of action for declaratory relief against the city. A superior court deputy clerk served the May 25, 2022 order by mail on all parties on the day it was issued.

On June 30, 2022, the trial court entered a judgment on the petition in favor of HRP and against plaintiffs on causes of action 1–3. The judgment states: "All causes of action brought by Petitioners against Real Party have been fully and finally adjudicated, and there are no further issues remaining to be determined between Petitioners and Real Party (the remaining fourth cause of action for declaratory relief is only between Petitioners and the City of Richmond and the Richmond City Council)."

On July 12, 2022, HRP served a notice of entry of judgment on all parties. Plaintiffs filed a notice of appeal on August 30, 2022.

Multiple courts hold that the time for bringing an appeal runs from the notice of an order denying a petition for writ of mandate, rather than from a subsequent judgment reiterating the prior ruling. (*Calexico, supra*, 64 Cal.App.5th at p. 190; *Laraway, supra*, 98 Cal.App.4th at p. 583; *Valero Refining Co.–California v. California Bay Area Air Quality Management Dist. Hearing Bd., supra*, 49 Cal.App.5th at p. 633, fn. 10; *Martis Camp, supra*, 53 Cal.App.5th at p. 587, fn. 11.) As explained in *Laraway*: "Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The Rules of Court do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision." (*Laraway, supra*, 98 Cal.App.4th at p. 583.) The fact that there remains a pending declaratory relief claim involving the plaintiffs and the city does not alter the analysis in this case because in multiparty actions an

3

order resolving all issues as to one party is final as to that party and appealable. (*Save Berkeley's Neighborhoods v. Regents of University of California* (2021) 70 Cal.App.5th 705, 713–714 [multiparty exception to one final judgment rule applies to order disposing of all issues between plaintiffs and real party in interest in CEQA action]; *Martis Camp, supra*, 53 Cal.App.4th at pp. 578, 587–588 [same].) Here, the May 25, 2022, ruling resolved all issues in the writ petition between plaintiffs and HRP, and the time for appeal began to run from the May 25, 2022, order.

Plaintiffs' opposition is not persuasive. The plaintiffs argue that the motion should be denied based on the one final judgment rule. In essence, they argue that under the one final judgment rule, their own appeal is premature. Their reliance on *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, which overruled *Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401, is misplaced. (*Morehart*, at p. 743.) *Schonfeld* recognized an exception to the one final judgment rule that permitted an appeal from a judgment or order finally disposing of a cause of action that had been severed from separate and independent causes of action. *Morehart* disapproved of this exception and held: "[A]n appeal cannot be taken from a judgment that fails to complete the disposition of all the causes of action between the parties even if the causes of action disposed of by the judgment have been ordered to be tried separately, or may be characterized as 'separate and independent' from those remaining." (*Morehart*, at p. 743.) However, *Morehart* expressly acknowledges the multiparty exception to the one final judgment rule, which is different from the former severed claim exception that was at issue in *Morehart*. (*Morehart*, at p. 740 [judgment in a "multiparty case determining all issues as to one or more parties may be treated as final even though issues remain to be resolved between other parties"]; see *Martis Camp, supra*, 53

4

Cal.App.5th at p. 588 [finding order denying writ petition appealable because it completely disposed of all issues as to one party despite fact that other issues remained between plaintiff/appellant and county].)

Finally, plaintiffs' opposition requests that this court dismiss their appeal as unripe and remand to the trial court with directions either to vacate the prior judgment or to modify it to make "its interlocutory nature evident . . . ." They cite, without discussion or analysis, two cases in support of this request (*Kurwa v. Kislinger* (2017) 4 Cal.5th 109 (2017); *Four Point Entertainment, Inc. v. New World Entertainment, Ltd.* (1997) 60 Cal.App.4th 79). These cases hold that when parties make a failed attempt to secure appellate review of a nonfinal judgment, the trial court retains the power to vacate the defective judgment and any stipulation on which it was based and the parties may later appeal after the trial court resolves the outstanding claims and enters a final judgment. (*Kurwa, supra*, at pp. 118–119; *Four Point Entertainment, supra*, at p. 83.) Neither case involves the question of appealability of an order denying a petition for writ of mandate. (*Kurwa, supra*, at p. 112 [breach of fiduciary duty and defamation]; *Four Point Entertainment, supra*, at p. 81 [breach of contract and tort claims].) Nor do they discuss the issue of the multiparty action exception to the one final judgment rule. We decline plaintiffs' request.

Plaintiffs failed to file a notice of appeal within 60 days of notice of entry of the May 25, 2022, order. For the reasons discussed *ante*, their appeal is untimely and must be dismissed. (*Laraway, supra*, 98 Cal.App.4th at p. 583.) HRP requests sanctions on the grounds that the plaintiffs' appeal is frivolous because it is untimely. Given that *Meinhardt v. City of Sunnyvale, supra*, 76 Cal.App.5th 43, rev.gr., is currently before the California Supreme Court, we deny HRP's request for sanctions.

5

# DISPOSITION

The appeal is dismissed.

      _____
      Jackson, P. J.

WE CONCUR:


_____
Simons, J.


_____
Wiseman, J.*

A166004/*Richmond Shoreline Alliance v. City of Richmond*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.