Filed 7/11/23  Romero v. Cherry Avenue Development CA4/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ADRIANA VAS ROMERO,<br><br>Cross-defendant and Respondent,<br><br>v.<br><br>CHERRY AVENUE DEVELOPMENT, INC.,<br><br>Cross-complainant and Appellant. | E078921<br><br>(Super.Ct.No. CIVDS1935198)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Bryan F. Foster, Judge.  Appeal dismissed.

Law Offices of Timothy P. Creyaufmiller and Timothy P. Creyaufmiller for Cross-complainant and Appellant.

Mansour Law Group, John F. Mansour and Steven G. Candelas for Cross-defendant and Respondent.

1

Adriana Vas Romero owned several parcels of land and hired Cherry Avenue Development, Inc. (Cherry Avenue) to build single family homes on the parcels. A dispute arose between the parties, and Cherry Avenue recorded a mechanic's lien against one of the properties, claiming that Vas Romero owed Cherry Avenue over $70,000.

Vas Romero filed suit against Cherry Avenue, which filed a cross-complaint against her and other parties. She moved for summary adjudication on one of the causes of action in the first amended cross-complaint. The trial court granted that motion. The order granting the motion also entered judgment in favor of Vas Romero on that single cause of action. Cherry Avenue appeals from that judgment. We conclude that the judgment is not appealable and dismiss the appeal.

BACKGROUND

The mechanic's lien against Vas Romero's property was recorded in September 2019. In March 2020, Vas Romero obtained a bond to release the mechanic's lien. (See Civ. Code, § 8424, subds. (a), (c) [property owner disputing the correctness or validity of a mechanic's lien may release the property from the lien by recording a lien release bond in the appropriate sum].) United States Fire Insurance Company is the surety that issued the bond.

Cherry Avenue's first amended cross-complaint alleges a cause of action on the lien release bond against Vas Romero and the surety. (See *RGC Gaslamp, LLC v. Ehmcke Sheet Metal Co., Inc.* (2020) 56 Cal.App.5th 413, 424 [recorded lien release bond "becomes the lien claimant's sole recourse for collecting sums due," and "claimant

2

must commence an action on the bond within six months of receiving notice of the bond"].) That is the only cause of action against the surety. But the first amended cross-complaint alleges several other causes of action against Vas Romero, including breach of contract, assault, and intentional infliction of emotional distress.

Vas Romero moved for summary adjudication on the cause of action on the bond. The surety was not a moving party. At the hearing on the summary adjudication motion, the trial court granted it. Vas Romero submitted a proposed order granting the motion, which the court adopted. The order also entered judgment in favor of Vas Romero on the cause of action on the bond. Cherry Avenue filed a notice of appeal from that judgment.

Cherry Avenue's civil case information statement (Judicial Council form APP-004) indicates that it is appealing from a "judgment after an order granting a summary judgment motion." The form also indicates that the judgment did not dispose of all causes of action between the parties. In the section of the form asking Cherry Avenue to explain why the judgment is appealable, Cherry Avenue states: "It is final as to one party in the action." The form identifies Vas Romero as the respondent and Cherry Avenue as the appellant. The form does not identify the surety as a party to this appeal.

We ordered Cherry Avenue to file a letter brief clarifying "whether there are still causes of action remaining between appellant and respondent(s) on any cross-complaints or the original complaint." Our order noted that "[i]f any causes of action are still pending between the parties to this appeal, the judgment is not ripe for appeal because of the 'one final judgment' rule."

3

In its letter brief, Cherry Avenue states there are several causes of action still pending between it and Vas Romero. Cherry Avenue acknowledges that only Vas Romero moved for summary adjudication, but it argues that the order granting the motion entered judgment against Cherry Avenue and in favor of "all parties to" the relevant cause of action, including the surety. Cherry Avenue asserts that there are no other causes of action pending between it and the surety.

## DISCUSSION

"Under the one final judgment rule, "'an appeal may be taken only from the final judgment in an entire action.'"" (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 756.) The one final judgment rule "prohibits review of intermediate rulings by appeal until final resolution of the case. 'The theory is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.'" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 697.) Thus, with exceptions not relevant here, appeals from interlocutory judgments are not permitted. (Code Civ. Proc., § 904.1, subd. (a)(1).)

A judgment is final and appealable "'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.'" (*Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 304.) But a "judgment that disposes of *fewer* than all of the causes of action framed by the pleadings . . . is necessarily 'interlocutory' [citation], and not yet final, as

4

to any parties between whom another cause of action remains pending." (*Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 741.) In a case involving multiple parties, a judgment "determining all issues as to one or more parties may be treated as final even though issues remain to be resolved between other parties." (*Id.* at p. 740.)

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal." (*Jacobs-Zorne v. Superior Court* (1996) 46 Cal.App.4th 1064, 1070 (*Jacobs-Zorne*).) An appeal from a nonappealable order or judgment generally will be dismissed. (*Baker v. Castaldi* (2015) 235 Cal.App.4th 218, 222.)

Cherry Avenue appeals from a nonappealable judgment in this case. The order granting Vas Romero's summary adjudication motion disposed of only one cause of action between Cherry Avenue and Vas Romero, and several more causes of action remained pending between those parties. That intermediate ruling is not appealable. (*Jacobs-Zorne*, *supra*, 46 Cal.App.4th at pp. 1070-1071.) The fact that the order granting the motion also entered judgment in favor of Vas Romero on the challenged cause of action does not change the analysis. Any such judgment is interlocutory in effect. (See *Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1107 ["allowing the parties and trial court to designate a substantively interlocutory judgment as final and appealable . . . would be inconsistent with the one final judgment rule"].)

Moreover, we are not persuaded by Cherry Avenue's argument that the judgment somehow disposed of the single cause of action between Cherry Avenue and the surety. The surety did not move for summary adjudication on the cause of action on the bond.

5

The surety did not appear at the hearing on the motion. The court's oral ruling granting Vas Romero's motion did not mention the surety. And the written order unambiguously states that the court entered judgment for Vas Romero on the relevant cause of action. The order and judgment do not mention the surety at all. The record therefore does not support Cherry Avenue's argument that the judgment disposed of the cause of action against the surety. There was no judgment in favor of the surety, final or not.

Although we have discretion to treat an appeal as a petition for writ of mandate, we see no reason to do so in this case. (*Jackson v. Wells Fargo Bank* (1997) 54 Cal.App.4th 240, 245.) We reserve that procedure for unusual circumstances not present here. (*Ibid.*) Most importantly, Cherry Avenue has an adequate remedy at law. (*In re Marriage of Lafkas* (2007) 153 Cal.App.4th 1429, 1435.) The order granting Vas Romero's summary adjudication motion is reviewable on appeal from the final judgment between Vas Romero and Cherry Avenue. (*Jacobs-Zorne*, *supra*, 46 Cal.App.4th at p. 1070.) If the surety moves for summary judgment on the cause of action against it, then any order granting that motion will be reviewable on appeal from the judgment in favor of the surety. We thus decline to treat the appeal as a writ petition.

In sum, Cherry Avenue appeals from a nonappealable judgment. Accordingly, we dismiss the appeal.

DISPOSITION

The appeal is dismissed.  Vas Romero shall recover her costs of appeal.  (Cal.

Rules of Court, rule 8.278(a)(2).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.